[No. 3,862.]

# WILLIAM H. GREEN *v.* LAKE SUPERIOR AND PACIFIC FUSE COMPANY.

OBJECTIONS TO AN ANSWER. — Objections to the form in which denials or defenses in an answer are couched should be presented first in the trial Court, where amendments may be allowed in furtherance of substantial justice.

WHEN ANSWER MAY BE ATTACKED. — When a case has been tried as though at issue upon all the material points, the plaintiff will not be permitted, for the first time, in the appellate Court, to assume the insufficiency of the answer.

APPEAL from the District Court of the Third Judicial District, City and County of San Francisco.

The action was to recover damages, alleged to have been caused to the plaintiff by the premature explosion of blasting fuse, in consequence of the unskillfulness and negligence of the defendant in manufacturing it. The plaintiff was using the fuse to ignite a blast in a mine where he was at work. He obtained a verdict and judgment, which were subsequently set aside and a new trial granted. The appeal is from the order granting the new trial.

*McElrath & Osment,* for Appellant.

*W. H. Rhodes,* for Respondent.

By the COURT:

The Court below set aside the verdict of the jury and granted the defendant a new trial, because, in its opinion, the evidence was insufficient to justify the verdict. It is apparent, on looking more fully into the record, and indeed was quite apparent at the argument, that in the conflict of evidence upon the question of negligence involved, the action of the Court below in granting a new trial cannot be disturbed here. Nor is the case of the appellant aided by

reference to the pleadings; mere criticisms upon the form in which denials or defenses are couched should be presented first in the trial Court, where amendments may be allowed in furtherance of substantial justice; where, however, the case has been tried as though at issue upon all its material points, the plaintiff is not to be permitted for the first time to assume the insufficiency of the answer in this Court.

Order affirmed.