[No. 4599.]

## JULES MERCIER v. AUGUSTUS HEMME and MILTON A. LEWIS.

AGREEMENT TO BUY REAL ESTATE.—A finding, that L. promised and agreed with M. to sell him all his right, title and interest in a certain rancho, is substantially a finding that M. purchased and was entitled to a conveyance of the interest in the rancho owned by L., including that which stood in the name of his wife, and which was community property.

WHEN THE LAW RAISES A TRUST.—If one bargains with another for the purchase of a tract of land with the knowledge of a third person who

Statement of . Facts.

stands by and becomes a party to it by advancing a portion of the
money to enable the purchaser to complete the bargain, and if such
third person then, without the knowledge of the purchaser, buys from
the seller a portion of the same land, for which he obtains a conveyance,
which is placed on record before the conveyance to the first purchaser,
such third person will become the trustee of the first purchaser, and if
he sells the land to a *bona fide* purchaser without notice becomes liable
for the damage sustained.

APPEAL from the District Court, Fourth Judicial Dis-
trict, City and County of San Francisco.

Maria Antonio Mesa owned the rancho Rinconada del
Arroyo de San Francisquito, in the county of Santa Clara,
which had been granted to him by the Mexican government
and confirmed to him by the United States. The rancho
contained two thousand two hundred and thirty acres, but
Mesa sold twenty-five acres in his lifetime, and died leaving
the land to his eight heirs, who thus inherited about two hun-
dred and seventy-five acres each. Patricio de Soto was one of
the heirs, and defendant Lewis purchased his interest. The
wife of Lewis had an interest in the ranch equal to about thir-
ty-four acres, which was community property. Moultrie had
conveyed the wife's interest to her, prior to July 18, 1864.
On the last-named day defendant Lewis bargained and sold
to the plaintiff Mercier all his right, title and interest in the
rancho, which of course included the interest which Moultrie
had conveyed to the wife, as the husband in this State has the
right to sell the community property. The interest standing
in the name of the wife was acquired in this way: In 1859
Lewis and Moultrie bought an interest of about fifty acres
in the ranch, each receiving a deed for his part. In 1861,
Lewis bought out Moultrie, who agreed to convey to, and
afterwards did convey to Mrs. Lewis. Defendant Hemme
was present when the bargain was made between Mercier
and Lewis, and, to enable Mercier to make the purchase,
agreed to furnish him two thousand of the three thou-
sand dollars purchase-price. The bargain was made at San
Francisco. Hemme had before that bargained with Lewis for
the interest which formerly stood in Moultrie's name, but said
nothing to Mercier about this. The parties employed Mr.

Clement to go to San Jose, the county seat of Santa Clara County, and search the title. Clement went to Santa Clara the next day, and Hemme and Lewis also went. While in Santa Clara, Lewis and Hemme procured Moultrie to draw up a deed from Lewis and wife to Hemme, of the interest which Hemme had bargained for. Hemme, Lewis and Clement returned to San Francisco, and Clement reported to Mercier that the title was satisfactory. A deed was drawn up from Lewis and wife to Mercier, and the same was executed in the presence of Hemme. Mercier gave Lewis a mortgage for two thousand dollars on the land purchased, and Hemme furnished Lewis with two thousand dollars, taking the mortgage as collateral security. Mercier's deed and his mortgage to Lewis were then delivered to Hemme to be placed on record, who sent them by express along with the deed of Lewis and wife to himself, to San Jose to be recorded, with instructions to have his own deed first recorded. It was so recorded, and, by that means, Hemme acquired the better title in law to thirty-four acres of land which Mercier had bargained for. Hemme did not inform Mercier of his purchase. When Mercier's notes and mortgage fell due, he paid the sum due on the same to Hemme, who executed to him a satisfaction of the mortgage. After payment had been made, Mercier discovered the existence of the deed to Hemme, and also found that Hemme had conveyed to one Seaton, and that Seaton was a purchaser in good faith and for a valuable consideration. Mercier claimed that the land which he had thus lost was worth one hundred dollars per acre, and brought this action in 1871 to recover damages for the loss he had sustained. The court below rendered judgment for the defendants, and the plaintiff appealed.

*B. S. Brooks,* for the Appellant.

*Jarboe & Harrison,* for the Respondent.

By the COURT:

The court below found that, on the 18th day of July, 1864, Milton A. Lewis "promised and agreed to and with

Jules Mercier to sell to him, said Mercier, all his right, title and interest in and to the rancho Rinconada del Arroyo de San Francisquito."

This is substantially a finding that Mercier, at that time, purchased and was entitled to a conveyance of the small interest in the rancho which Moultrie had conveyed to Mrs. Lewis—wife of Milton A. Lewis—because that interest would appear to have been, not her separate estate, as found by the court, but property belonging to the marital community. If there is any evidence in the record characterizing this small interest as the separate property of Mrs. Lewis, it has not been pointed out, and we have been unable to discover it.

The court below found that between Hemme and the plaintiff there existed no relation of trustee or *cestui que trust.* If by this is meant that there was no express trust established by the proofs, the finding is well supported. But there are circumstances under which the law will raise a trust by construction and fasten it upon the conscience of a party who by circumvention has obtained for himself advantages of which he ought not, according to the rule of equity and good conscience, to have deprived another, and we think that those circumstances are to be found in this case.

Hemme knew of the purchase made by the plaintiff from Lewis; in fact he was, in some sense, a party to it, advancing the money to enable the plaintiff to complete it, and receiving as collateral for the advance the notes and mortgage by which the deferred payments from plaintiff to Lewis were secured. Under these circumstances and without the knowledge of the plaintiff, he obtained for himself from Lewis a conveyance of a portion of the interest which he knew to have been already sold to the plaintiff, and by placing the conveyance to himself on record a few minutes before the deed of Lewis to the plaintiff was filed for record, he obtained a title apparently superior to that which vested by the deed of Lewis subsequently delivered to the plaintiff. Had Hemme under these circumstances continued to hold the title, procured by him from Lewis in this manner, there

can be little doubt that he would, upon familiar principles, have been compelled to surrender it to the plaintiff, and neither the measure of his accountability, nor the principles upon which it rests, have been affected by the fact that he has parted with the title, and conveyed it to a *bona fide* purchaser without notice.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.