Opinion of the Court—Ross, J.

[No. 5,962.]

# SPIERS *v.* DUANE ET AL.

Forcible Entry and Detainer—Possession—Definition.—By a *scrambling* possession is meant a struggle for possession on the land itself; not such a contest as is waged in the courts. Actual and peaceable possession by the plaintiff at the time of the entry complained of, although contested in the courts, is sufficient to maintain this action. •

Practice — Pleading — Answer.—Where the plaintiff tried the case in the Court below, upon the theory that the answer was sufficient to put in issue all the material allegations of the complaint, he cannot object to the answer for the first time in this Court.

Appeal from a judgment for plaintiff, and from an order denying a new trial, in the County Court of the City and County of San Francisco. Wright, J.

Action for forcible entry and detainer. The facts are stated in the opinion.

*George Turner*, and *John Wade*, and *McAllister & Bergin*, for Appellants.

*C. P. Robinson*, and *Warren Olney*, and *Ralph C. Harrison*, for Respondents.

Department No. 1, Ross, J.:

The evidence is sufficient to sustain the verdict and judgment as to all of the defendants except Epstein.

It was shown upon the trial, that the lot in question was in-closed with a board fence, and had a house upon it; that a tenant of plaintiff lived with his family upon the premises from May 25th, 1872, to April 27th, 1876; that on the 26th of April the tenant began to move therefrom, finished moving the next day, locked the doors of the house, and on the following day (the 28th) surrendered the keys to the plaintiff. The day succeeding this being Saturday, and plaintiff being desirous of raising the house, he caused the necessary material for that purpose to be placed on the lot, with the intention of commencing work the following Monday morning. During the intervening Sunday night, the entry complained of was made.

The possession thus shown in plaintiff was sufficient to entitle him to maintain the action, and was not in any sense a scrambling possession, as contended by appellants. By a scrambling possession is meant a struggle for possession on the land itself—not such a contest as is waged in the courts.

The papers in the actions of *Voll* v. *Walsh*, *Welton* v. *McNear*, and *Butler* v. *Voll*, were properly excluded under objection on the part of plaintiff. None of those cases had any bearing upon the question in the present action, for the reason just suggested. The other objections, sought to be made to the rulings of the Court below, are too vague and indefinite to be noticed.

As respects the defendant Epstein, the evidence fails to connect him with either the forcible entry or forcible detainer. This was virtually conceded by respondent's counsel at the argument, but it was contended by them that Epstein's answer, in effect, admitted the forcible detainer, and that, therefore, no proof as to him was necessary. But Epstein's answer was the same as that of the other defendants—all having answered together—and plaintiff tried the case in the Court below upon the theory that the answer was sufficient to put in issue all of the material allegations of the complaint, and endeavored to prove Epstein's connection with the forcible entry and forcible detainer. Under such circumstances, it is the settled rule that objection to the sufficiency of the pleading cannot be made for the first time in this Court. (*Cave* v. *Crafts*, 53 Cal. 135.)

It results, that the judgment and order must be affirmed as to all of the defendants except Epstein, and as to him the judgment and order must be reversed, and the cause remanded for a new trial. So ordered.

McKINSTRY, P. J., and McKEE, J., concurred.