[S. F. No. 7102.   Department One.—December 27, 1916.]

## WILLIAM BAYLY, Appellant, v. HENRY E. LEE, Respondent.

CONTRACT — FAILURE OF PERFORMANCE — TRIAL OF ISSUE — APPEAL—IN-SUFFICIENCY OF ANSWER—OBJECTION NOT REVIEWABLE.—In an action to recover damages for an alleged breach of contract, where the plaintiff tried the case on the theory that defendant's alleged failure to perform was in issue, he cannot for the first time on appeal object that the denial in the answer was insufficient for any purpose.

ID.—LEGAL SERVICES—ENFORCEMENT OF RIGHTS UNDER CONTRACT—AL-LEGED BREACH—PROPER NONSUIT.—In an action to recover damages for an alleged breach of contract whereby the plaintiff employed and retained the defendant, as an attorney at law, to enforce plaintiff's rights under a contract made between plaintiff and a third party, by the terms of which the latter agreed to sell and deliver to plaintiff certain shares of corporate stock upon the terms and conditions stated, a nonsuit is properly granted, where it is shown that the plaintiff failed to pay or to make a tender of payment of the balance of the purchase price as provided in the contract, which payment was made a condition to the transfer of the stock.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Joseph K. Hutchinson, and Walter Slack, for Appellant.

Clayberg & Whitmore, for Respondent.

SLOSS, J.—This action was brought to recover damages for breach of contract.   The court granted defendant's motion for a nonsuit, and entered judgment accordingly.   Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The complaint alleges that the defendant is an attorney at law, and that on December 2, 1909, the parties entered into a written agreement, whereby the plaintiff employed and retained the defendant as his attorney to enforce plaintiff's rights under a certain contract between said plaintiff and one

Dolbear, dated November 1, 1905. It is alleged that the plaintiff paid the defendant five hundred dollars as partial compensation for the services thus to be performed; that the defendant wholly failed and neglected to do the things agreed to be done by him; that under the agreement between plaintiff and Dolbear plaintiff was to receive stock of the value of fifty thousand dollars, and that Dolbear has become unable to transfer said stock or to pay the value thereof to the plaintiff. Judgment is asked for fifty thousand five hundred dollars.

The answer denies, among other things, that the defendant failed to perform his obligations under his agreement with plaintiff. It is true that the denial is expressed in an imperfect way. We cannot, however, agree with the appellant's contention that there is a total failure to raise an issue with respect to the performance by the defendant of his agreement. Furthermore, the record shows that the plaintiff tried the case upon the theory that defendant's failure to perform was in issue. Under these circumstances, this court will not entertain the suggestion, made for the first time on appeal, that the attempted denial was ineffectual for any purpose. (*Green* v. *Lake Superior & P. Fuse Co.*, 46 Cal. 408; *Spiers* v. *Duane*, 54 Cal. 176; *Sprigg* v. *Barber*, 122 Cal. 573, [55 Pac. 419].)

At the trial the plaintiff offered in evidence a paper claimed to be a copy of the agreement of November, 1905, between himself and Dolbear. On defendant's objection, the paper was not admitted, and its exclusion is one of the errors assigned. The ruling, if erroneous, was, however, harmless. An inspection of the paper shows that, if it had been admitted, it would, with the other evidence in the case, have demonstrated the propriety of the ruling granting defendant's motion for a nonsuit. This contract was signed by Dolbear alone. By its terms he agreed to sell and deliver to Bayly, in consideration of the sum of two thousand five hundred dollars, five thousand shares of stock to be issued to him in a company to be incorporated for the purpose of taking over and exploiting certain mineral claims, or to assign to said Bayly an equivalent interest in the proceeds of said mining claims if the proposed incorporation should not be consummated. One thousand two hundred and fifty dollars was to be paid at the time of signing the contract, and the remainder when the contemplated transaction involving the claims should be completed. Bayly was not bound to pay the second one

thousand two hundred and fifty dollars, but was given merely an option to pay the same, it being agreed that Dolbear should be under no obligation in case Bayly did not make the payment at the time specified or on demand.

Dolbear's undertaking to transfer being conditional upon the payment of the second one thousand two hundred and fifty dollars, Bayly was not in a position to demand performance until he made payment or tender of this amount. (Civ. Code, sec. 1439.) There is no evidence that such payment or tender was ever made. So far as the proof shows, the time never arrived when the plaintiff had any rights to enforce against Dolbear, or when the defendant, as plaintiff's attorney, could take steps to compel performance by Dolbear. The payment necessary to the maturing of plaintiff's claim against Dolbear was a matter in the control of the plaintiff, not of his attorney. Until plaintiff does what is necessary to establish a cause of action, he will not be entitled to ask the defendant to proceed in his behalf against Dolbear, by suit or otherwise. The evidence, therefore, fails to show that the defendant did not do all that he was required to do under the contract. This was one of the grounds specified in the motion for a nonsuit, and it was sufficient to justify the granting of the motion.

Various rulings on the admission of evidence are assigned as errors, but none of them could have any bearing upon the matter already discussed. There is no occasion, therefore, to consider them.

The judgment and the order appealed from are affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.