[Civ. No. 5248.  First Appellate District, Division Two.—November 16, 1925.]

ANNIE K. FLETCHER, Appellant, v. CHARLES LLOYD et al., Respondents.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT—GENERAL FINDINGS—INTENT —ERROR WITHOUT PREJUDICE.—In this action for damages resulting from an automobile accident, in which negligence was charged against three defendants, from the finding of the trial court that all the allegations of plaintiff's complaint were true, except as specifically found otherwise, and the finding in which the court found specifically that the damage was caused by the automobile driven by one of the defendants, coupled with the further general findings to the effect that the answers of the other two defendants, in which each specifically denied negligence on his part, were true, it was apparent that the trial court intended to find that the latter two defendants were not negligent; and while said findings were not such as to elicit the approval of the appellate court, the error, if there was any error, was not prejudicial to plaintiff when the evidence was taken into consideration.

[2] ID.—EVIDENCE—FINDINGS.—In such action, conceding that there was evidence in the case to support a different theory, there was an abundance of evidence to support the findings made by the trial court in favor of two of the defendants.

(1) 4 C. J., p. 1058, n. 89, p. 1175, n. 37; 38 Cyc., p. 1984, n. 78.
(2) 4 C. J., p. 879, n. 84; 28 Cyc., p. 913, n. 11.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Wellborn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Kimball Fletcher for Appellant.

Haas & Dunnigan for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment compensating her for personal injuries sustained in an automobile accident. The defendants answered and a trial was had before the

1.  See 24 Cal. Jur. 988.

trial judge sitting without a jury. The trial court made findings against one of the defendants and in favor of the other defendants. The plaintiff appealed from the judgment in favor of the defendants Charles Lloyd and H. J. Rumsey. The defendant W. F. Lloyd has appealed from the judgment in favor of the plaintiff, but on application of the parties the appeal of W. F. Lloyd has been dismissed.

[1] On the afternoon of the nineteenth day of August, 1920, the plaintiff stood on the south side of West Sixth Street near the southeast corner of that street and Park View Street, Los Angeles. While standing there she was struck and injured by an automobile approaching from the west. In her complaint, acting upon the theory that the accident to her arose by reason of a negligent collision of two or more automobiles in the street, the plaintiff included as defendants W. F. Lloyd, the owner and driver of the automobile that actually struck her, H. J. Rumsey, the driver of the other automobile, and Charles Lloyd, who owned that machine, but was not riding in it at the time of the accident. The trial court made findings purporting to be in favor of Charles Lloyd and H. J. Rumsey. The appellant attacks those findings as not being supported by the evidence and claims that the findings should have been made in favor of the plaintiff. In making this attack the appellant claims that the form of the purported findings is such that they are not, as a matter of law, any findings. In the second place the appellant contends that if it be conceded that the purported findings are in legal effect findings, then and in that event they are not supported by the evidence. The fourth finding, in so far as pertinent, is as follows: "That all of the allegations of plaintiff's complaint are true, except as herein specifically found otherwise; . . . that all of the allegations and denials of the answer of the defendant Charles Lloyd are true, except as herein specifically found otherwise; that all of the allegations and denials in the answer of the defendant H. J. Rumsey are true, except as herein specifically found otherwise." The second finding is as follows: "That on the 19th day of August, 1920, plaintiff was standing at or near the curb line on the southerly side of West Sixth Street, City of Los Angeles, County of Los Angeles, State of California, at a point between the intersections of Park View with said West Sixth

Street, that defendant W. F. Lloyd drove an automobile in
an easterly direction upon said West Sixth Street, recklessly,
negligently, wantonly and carelessly, and caused said auto-
mobile to collide with the automobile owned by the defend-
ant Charles Lloyd and said defendant W. F. Lloyd con-
tinued to operate said automobile recklessly, negligently,
wantonly and carelessly and caused said automobile to strike
the plaintiff without warning, and hurl said plaintiff
violently to the ground thereby causing plaintiff certain
bodily injuries to wit: two lacerated wounds on right leg, one
lacerated wound on the left leg, a T fracture into the joint
of the right tibia, a contusion upon the head, a slight concus-
sion of the brain and a sprained right wrist, and tore and
destroyed the dress, petticoat and stockings worn by the
plaintiff, and that said accident and injuries were in no wise
caused by any negligence, recklessness or want of care on the
part of plaintiff." Other findings were addressed to the
issues made by the complaint and the answer of the defend-
ant Charles Lloyd and the defendant W. F. Lloyd and the
defendant H. J. Rumsey.

The third paragraph of the first cause of action in plain-
tiff's complaint charged as follows: "That on the 19th day
of August, 1920, plaintiff was standing at or near the curb
line on the southerly side of West Sixth Street in the City
of Los Angeles, County of Los Angeles, State of California,
at a point between the intersections of Park View Street
with said West Sixth Street; that plaintiff is informed and
believes and therefore alleges that the defendants Charles
Lloyd and John Doe drove one automobile and the defend-
ant W. F. Lloyd drove another automobile in an easterly
direction upon said West Sixth Street, so recklessly, negli-
gently, wantonly and carelessly as to cause said automobiles
to collide, and said defendants and each of them, continued
to operate said automobiles so recklessly, negligently, want-
tonly and carelessly as to cause one of the said automobiles
to strike the plaintiff without warning and hurl said plaintiff
violently to the ground, causing the plaintiff the bodily in-
juries hereinafter described; that said accident was in no
wise caused by any negligence, carelessness or want of care
on the part of plaintiff." That cause of action deals with
the personal injuries suffered by the plaintiff and the sec-
ond cause of action deals with the injuries to the plaintiff's

wearing apparel. In the second cause of action the charging portion is framed in the same language. In his answer to the complaint Charles Lloyd pleaded: ''For answer to paragraph III, this defendant denies that either he or the defendant John Doe drove the automobile of this defendant, or that the automobile of this defendant was, at the time and place referred to in said paragraph, driven in any reckless or negligent manner, or in any wanton or careless manner, or so as to cause said or any automobile to collide with said or any automobile, or either automobile, or that this defendant or the defendant John Doe continued to or ever did operate the automobile of this defendant in so or any reckless or negligent or wanton or careless manner, or so as to cause the said automobiles, or either of them, or any other automobile to strike the plaintiff, either without warning or otherwise,. or at all, or to hurl said plaintiff to the ground, or in any manner whatsoever, or causing plaintiff's bodily injuries, referred to in plaintiff's complaint, or otherwise; and this defendant further denies that said accident was not caused by an act of negligence and carelessness and want of care on the part of the plaintiff.'' The same defense was interposed to the charge contained in the second count. In his answer to the first cause of action the defendant Rumsey pleaded as follows: ''This defendant, answering paragraph III of said complaint, denies that on or about the 19th day of August, 1920, or at any other time, that this defendant drove the automobile of Charles Lloyd therein referred to either recklessly or negligently, or that by reason of the driving of said car, or the manner of driving said car, said car was caused to collide with any other automobile, or that this defendant then or there, or at all, operated the automobile of said defendant Charles Lloyd, in any wanton or reckless or negligent or careless manner, or so as to cause one or either of said automobiles to strike the plaintiff, either violently or otherwise, or at all, or that the automobile of said Charles Lloyd, driven by this defendant, did strike the plaintiff, and denies that said accident was in no wise caused by the negligence of the plaintiff.'' To the charging part contained in the second cause of action he pleaded the same defense.

Not expressing any approval whatsoever of the form in which the findings are drawn, nevertheless we think that no

serious difficulty is presented in ascertaining what was in the court's mind. In other words, that the findings clearly indicate the facts as found by the trial court. The trial court found: "that all of the allegations of plaintiff's complaint are true, except as herein specifically found otherwise: . . . " Then in finding number two the court found specifically that the plaintiff's injury was caused by the automobile driven by W. F. Lloyd. As the plaintiff had alleged that her injury was caused by the joint negligence of W. F. Lloyd, Charles Lloyd, and H. J. Rumsey, we have a specific finding otherwise in so far as the acts of the last two defendants are concerned. Furthermore, as to each of those two defendants the trial court found: "that all of the allegations and denials of the answer of the defendant —— are true except as herein specifically found otherwise: . . . " As each of those defendants had entered a specific denial of any negligence we turn again to the specific findings and we look in vain for any finding to the effect that either of the last-named defendants was guilty of negligence. It follows that the trial court made a general finding that each of those two defendants was not negligent, and that there is nothing in the findings contradictory thereof. The appellant cites and relies upon *Harlan* v. *Ely,* 55 Cal. 340; *Goodnow* v. *Griswold,* 68 Cal. 599 [9 Pac. 837]; *O'Brien* v. *O'Brien,* 124 Cal. 422 [57 Pac. 225]. Conceding, without deciding, that before November 3, 1914, those authorities would support the point of this appellant, since the amendment to section 4½ of article VI of the constitution, on the date named, we think, under the facts of this case, which we have already stated, and the facts which will be stated in reference to the next point, that the contention of the appellant cannot be sustained. We are led to that conclusion because the error, if it was an error, was certainly not prejudicial to the appellant when the evidence is taken into consideration.

[2] The second contention made by the appellant is to the effect that if we concede that the trial court has made a finding in legal form in favor of the respondents and against the plaintiff on the issue of negligence, nevertheless the case must be reversed because such finding is not supported by the evidence. Of course, if there is any evidence in the record which would support such a finding then and in that event this court may not disturb the judgment, therefore

we will turn to and consider that portion of the evidence which was introduced to support the finding.

The nature of the appellant's injuries was such that at the time of the trial she did not purport to give testimony as to how the accident occurred. Alice K. Mortimer accompanied the plaintiff at the time of the accident. Her deposition was taken and was introduced in evidence. The plaintiff called Mr. W. F. Lloyd and examined him as a witness under section 2055 of the Code of Civil Procedure. If that were all the evidence in the case it might be conceded that there was some evidence charging the respondents with responsibility to the plaintiff. But there was other evidence introduced. Mr. Tyler testified that immediately before the accident he had parked his car on the same side of the street some fifty feet west of where the plaintiff stood and that he was in his car in the act of starting to move forward. He stated that before moving he looked back and saw a car coming from the rear. It was moving a mile and a half an hour. It was not as close to the curb as the witness' car. It was a Marmon car and was occupied by one person. He further testified that the car was moving just a little as if it was turning out to go around the witness and that it was about ten or twelve feet back. Continuing, the witness stated that as the Marmon car passed it collided with his car and that in the same instant the car driven by W. F. Lloyd passed in front of both cars and up to the curb. The Marmon car merely hit the bumper or left rear fender or the aluminum on the running-board of the witness' car. When the Marmon stopped its front wheels were to the rear of the front wheels of Tyler's car. The defendant H. J. Rumsey was the chauffeur of the defendant Charles Lloyd and had left his employer's residence to go downtown and bring his master home. He was called as a witness and testified that from Sixth Street and Rampart Street he proceeded east on Sixth Street at the rate of probably ten miles an hour, just rolling along was all. As he approached Park View he saw Mr. Tyler's car. Continuing, the witness testified: "As I was passing or approaching that car from its rear, that is Tyler's car, the south line of my car was north of it. In other words, if I had gone straight ahead as I was traveling without changing my course north or south I would have cleared Mr. Tyler's car a couple of feet—never go nearer a

standing car. I just saw Mr. Tyler's car as I approached
and passed it. I had not passed Mr. Tyler's car at the time
of the collision. Prior to the time that I passed Park View
Avenue and as I approached Mr. Tyler's car, I didn't
change my direction either north or south. There was not
any horn blown or other signal given of the approach of
Mr. W. F. Lloyd's car from the rear that I heard. . . . I
did not see Mr. W. F. Lloyd's car until he struck my car.
The time I saw him he was right in front. When I saw Mr.
Lloyd's car it was headed toward the curb.''

Mr. W. F. Lloyd testified: ''I had been continuously mov-
ing easterly on Sixth Street without stopping anywhere. I
was right in the car tracks. I was going east on Sixth
Street and as I approached Park View Avenue, I was going
about 20 miles an hour and I know that I was going about
20 miles because a car passed me that was going 25. . . . As
I approached Park View I threw out my clutch to slow
down, and there were two cars standing abreast of each
other, as I remember it, and I approached these cars in the
track so that I had a perfectly free way to pass, and just as
I got past Park View Avenue my steering wheel was taken
right out of my hands and I ran into the curb and knocked
over Mrs. Fletcher. . . . ''

From what we have stated it is patent that there was evi-
dence from which the trial court could draw the conclusion
that the defendant R. J. Rumsey and the defendant Charles
Lloyd were guilty of no negligence whatsoever and that the
defendant W. F. Lloyd in the act of passing the automobile
of Charles Lloyd committed the act so negligently that he
collided with the front end of the Marmon car and knocked
the Marmon car over against Mr. Tyler's car and at the
same time dashed forward obliquely to the curb. That
theory finds further support in the physical facts testified
to by the witnesses. Mr. R. D. Lloyd was riding with his
father, Mr. W. F. Lloyd. Immediately after the impact he
looked down and saw that the back part of the fender over
the right front wheel on his father's car was ripped up and
the running-board was injured as though the car had had
a collision with a telephone-pole. He also testified that he
looked back at the Marmon car and the left side of the
bumper was on the street ripped off. Mr. Rumsey testified
that his left-hand fender was bent in toward the center of

the car, but straight up as if you raised it up and that the bumper in front was bent forward. It was bent out and round like it had been pulled around. The wheels were turned in, not scratched or broken. The fender was bent up probably a couple of inches. It will be noted that the foregoing physical facts square with the theory of the respondents. It will also be noted that they are not in harmony with the theory that the Marmon car hit the car driven by Mr. W. F. Lloyd.

Conceding that there is evidence in the case to support a different theory, nevertheless it must be granted that there was an abundance of evidence to support the findings made by the trial court in favor of the respondents.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1926.