[Civ. No. 23850.    Second Dist., Div. Three.    Feb. 4, 1960.]

PRY CORPORATION OF AMERICA (a Corporation) et al., Respondents, v. WILLIAM T. LEACH et al., Appellants.

Max Sisenwein, Joseph Lewis and Warren M. Stanton for Appellants.

Weaver, Harker, Beall & Rauh and Theodore J. Beall for Respondents.

VALLÉE, J.—Appeal by defendant Leach from a judgment for plaintiffs in a suit for an injunction against alleged unfair competition. The issues were made by the complaint and the answer, and the cross-complaint and the answer thereto. The judgment granted plaintiffs relief on the complaint and denied Leach relief on the cross-complaint.

On March 30, 1950, plaintiff Pry Corporation of America, a Delaware corporation, called first party, and Leach, called second party, entered into a written contract which provided: "First Party hereby grants an exclusive license and authorizes Second Party as in independent contractor to manufacture, bottle, package, and sell the product of First Party known as Sanipro and/or Pry" within Southern California. First party agreed to supply Leach with all of the "Control Mixture" required in the manufacture of the product together with all labels which Leach might require. Leach agreed to pay first party royalties at the rate of 75 cents a gallon for industrial accounts; and on quarts and pints, an amount to be determined by mutual consent. Leach agreed to forward to first party, on or before the 10th of each month, a report of the previous month's sales together with the royalties due. The contract provided that it should continue for 10 years unless terminated by mutual consent. The agreement was not terminated by mutual consent.

Plaintiff Sanipro Chemical Corporation owned all the capital stock of plaintiff Pry Corporation of America. Roscoe S. Turner was president and general manager of both corporations. On November 9, 1957, plaintiff Sanipro by telegram gave notice to Leach that it canceled his "franchise" and directed him not to use the name "Pry" in his business or labels. The telegram was signed "Sanipro Chemical Corp Roscoe S. Turner Presid."

### The Action on the Complaint

The complaint alleged that Pry Corporation of America is the sole distributor of "Pry," a scale solvent. Pry Corporation of Southern California is a California corporation. Leach was the agent of Pry Corporation of Southern California. Plaintiffs controlled the manufacture of "Pry" by defendants

by refusing to divulge the secret formula of "Pry," and required defendants to purchase the extract constituting the secret formula directly from plaintiffs. About November 9, 1957, plaintiffs directed defendants to stop the manufacture, sale, and distribution of "Pry" and directed Leach not to use the name "Pry" in his business. Defendants, with intent to deceive the public, to divert trade from plaintiffs and to injure their business, are imitating the trademark "Pry" and fraudulently selling and offering for sale a grade of solvent inferior in quality to that manufactured and sold by plaintiffs. In so manufacturing such product, defendants have concocted their own formula which is not the same as the secret formula extract of plaintiffs. Defendants have used on their product the label with the trademark "Pry" and the name of plaintiff Pry Corporation of America. Since November 9, 1957, plaintiffs have sustained damage in an amount in excess of $100,000.

The prayer was for an injunction restraining defendants from using the "Pry" label or any similar label, brand, wrapper, or any label containing the word "Pry," or from using any word similar thereto, and from advertising, representing, labeling, or wrapping any solvent in such manner as to cause it to be, or to facilitate its being palmed off or mistaken for plaintiffs' product; and for an accounting of profits made after November 9, 1957.

The answer alleged the execution and validity of the contract, admitted receipt of the telegram of November 9, 1957, denied the right of plaintiffs to terminate the rights of defendants to manufacture and sell the product and use the name "Pry"; and denied defendants had ever manufactured or produced any product under the label "Pry" without including therein "the secret formula or control mixture" supplied by plaintiffs.

The court found: Sanipro Chemical Corporation owns all the capital stock of Pry Corporation of America; about November 9, 1957 Sanipro gave notice of termination of the contract of March 30, 1950; Leach, doing business as Pry Corporation of Southern California, continued to manufacture and sell a product labeled "Pry," using plaintiffs' label after November 9, 1957; "the use by the defendants of the trade name 'Pry' on any product other than that manufactured from the control mixture supplied by the plaintiffs or the making, using or marketing of the product 'Pry' without the use of the control mixture supplied by the plaintiffs would result in

great loss to the plaintiffs in which pecuniary compensation would be extremely difficult to ascertain and such pecuniary compensation would afford plaintiffs inadequate relief. That injunctive relief is necessary to prevent a multiplicity of judicial actions''; ''plaintiff secured a Preliminary Injunction on or about April 2, 1958, whereby the defendants were enjoined from using or permitting use of the name 'PRY' in promoting or marketing solvents.''

The judgment enjoined Leach from making, using, or marketing ''Pry'' without use of the control mixture supplied ''from'' plaintiffs, and from using the trade name ''Pry'' on any product other than that manufactured from the control mixture supplied by plaintiffs. There was no award of damages.

The court did not make an express finding that Leach used plaintiffs' trade name ''Pry'' on any product which did not contain plaintiffs' control mixture after November 9, 1957. Leach urges error in the court's failure to make an express finding on that issue, and that the absence of a finding thereon is reversible error. The contention is without merit.

Findings must be liberally construed to support the judgment. (*Johndrow* v. *Thomas*, 31 Cal.2d 202, 207 [187 P.2d 681]; *Kaye* v. *Tellsen*, 129 Cal.App.2d 115, 119 [276 P. 2d 611].) Uncertainties in the findings should be resolved in such manner as to uphold, rather than defeat, the judgment. (*Aguirre* v. *Fish & Game Com.*, 151 Cal.App.2d 469, 474 [311 P.2d 903].) A judgment will not be reversed for a failure to find on some of the issues if the omitted finding is implicit in the express findings. (*Sears, Roebuck & Co.* v. *Blade*, 139 Cal.App.2d 580, 592 [294 P.2d 140]; *Zeller* v. *Browne*, 143 Cal.App.2d 191, 193 [299 P.2d 315].) A finding of facts, from which a conclusion of the existence of the fact in issue follows, is equivalent to a finding of such fact. (*Nelson* v. *Steele*, 165 Cal. 15, 17 [130 P. 886].)

We are of the opinion that the finding quoted above implies the finding of every fact vital and essential to the support of the judgment. The finding that the use by defendants of the trade name ''Pry'' on any product other than that manufactured from the control mixture supplied by plaintiffs, or the using or marketing of the product ''Pry'' without the use of the control mixture supplied by plaintiffs, would result in great loss to plaintiffs, and that injunctive relief is necessary to prevent a multiplicity of judicial actions, is tanta-

mount to a finding that Leach used plaintiffs' trade name "Pry" on products which did not contain such control mixture after November 9, 1957. (*Cf. Mercier* v. *Hemme,* 50 Cal. 606, 608-609; *Fletcher* v. *Lloyd,* 75 Cal.App. 205, 208-209 [242 P. 746].)

▇ Further, it is apparent from the findings that if an express finding had been made on the issue, it would have been adverse to Leach. A party may not complain of the failure of the court to make a finding that would necessarily have been adverse to him. (*Goldberg* v. *Paramount Oil Co.,* 143 Cal.App.2d 215, 224 [300 P.2d 329].)

The implied finding that Leach used plaintiffs' trade name "Pry" on products which did not contain plaintiffs' control mixture is supported by the evidence. There was evidence that after November 9, 1957, Leach manufactured and sold a product which did not contain plaintiffs' control mixture, simulating plaintiffs' label in nearly all details on the bottles containing the product. The argument concerns the weight which should have been given to the testimony of an expert who stated that the formula in "Pry" manufactured and sold by Leach was not the formula in "Pry" manufactured by plaintiffs—a matter with which we have no concern.

▇ Leach asserts error in the failure of the court to find that the contract of March 30, 1950, was or was not terminated by the notice of November 9, 1957. The question was not material. There was no allegation in the complaint that the telegram of November 9, 1957, terminated the contract. The allegation was that "plaintiffs on several occasions and in particular on or about the 9th day of November, 1957, directed defendants" to cease using the trade name "Pry." The purpose of the allegation was to aver that defendants were on notice they were not to use the trade name "Pry." Plaintiffs did not pray for a declaration that the contract had been terminated by the notice; they prayed for an injunction restraining Leach from palming off as "Pry" any solvent which did not contain the control mixture, and for damages. On the facts, plaintiffs were entitled to an injunction whether or not the contract had been terminated.

## The Action on the Cross-Complaint

The cross-complaint was by Leach individually and doing business as Pry Corporation of Southern California against plaintiffs and Roscoe S. Turner, and was in three counts. Count I alleged Turner was in exclusive control of Pry Cor-

poration of America and Sanipro Chemical Corporation; the execution of the contract of March 30, 1950; pursuant to the contract, Leach manufactured and sold the solvent known as "Sanipro" and "Pry" and had distributed the product continuously to the time of the granting of a preliminary injunction in this action; on several occasions since March 30, 1950, cross-defendants had deliberately destroyed the business of Leach by refusing to furnish the control formula and the labels as provided in the contract; since the fall of 1957 Leach had made numerous demands for the formula; cross-defendants had refused to supply the formula; during most of the period since March 30, 1950, cross-defendants had refused to supply Leach with labels with the trade name "Pry" although numerous demands had been made therefor; since March 30, 1950, Leach had invested about $25,000 for development, marketing, and distribution of the product and the label "Pry" in Southern California; good will created by Leach had been seriously damaged; Leach had been damaged in the sum of $50,000, represented by about $25,000 invested in the business and loss of future profits; the acts of cross-defendants were wilful and malicious and Leach asked $50,000 exemplary damages; Leach has complied with all the terms and conditions of the contract.

The answer admitted the status of the two corporations and the execution of the contract; it denied the remaining allegations.

The court found the facts heretofore stated with respect to the issues made by the complaint and the answer thereto that the use by defendants of the trade name "Pry" on any product other than that manufactured from the control mixture supplied by plaintiffs or the using or marketing of the product "Pry" without the use of the control mixture supplied by plaintiffs would result in great loss to plaintiffs; and that defendants have not established by a preponderance of evidence the first cause in the cross-complaint. Judgment was for plaintiffs and cross-defendants.

Leach contends the evidence does not support the findings with respect to the issues made by count I of the cross-complaint and the answer thereto. He says plaintiffs "wilfully, and without cause, breached" the contract and that he is entitled to damages for the breach. The argument is that because plaintiffs did not deliver any control mixture to Leach after November 9, 1957, they breached the contract. The point is untenable.

The contract provided: "The Second Party [Leach] agrees to forward to the First Party [Pry Corporation of America] on or before the 10th day of each month a report of the previous month's sales together with the royalties due."

Roscoe S. Turner, president of Pry Corporation of America and of Sanipro, testified that all the compensation due and payable to plaintiffs from Leach during the period from March 30, 1950 to March 28, 1958, the date the preliminary injunction issued, had not been paid, and that Leach had not furnished plaintiffs with reports from which a computation could be made as to the correct amount of royalties payable to plaintiffs. Leach testified his total sales of "Pry" in 1957 amounted to $15,299.90. He did not produce a single canceled check showing a royalty payment to plaintiffs in 1957. He did not produce any record showing his cost of producing and selling the product. He testified he made no sales of "Pry" in 1958. Plaintiffs produced written evidence that between January 1, 1958 and February 20, 1958, he sold $1,316 worth of "Pry."

A party complaining of the breach of a contract is not entitled to recover therefor unless he has fulfilled his obligations. (*Behrman* v. *Barto,* 54 Cal. 131, 134; *Los Angeles Gas & Elec. Corp.* v. *Amalgamated Oil Co.,* 168 Cal. 140, 143 [142 P. 46]; *Bayly* v. *Lee,* 174 Cal. 137, 139 [162 P. 96]; *Bliss* v. *California Cooperative Producers,* 30 Cal.2d 240, 248-249 [181 P.2d 369, 170 A.L.R. 1009]; *Gonsalves* v. *Hodgson,* 38 Cal.2d 91, 99 [237 P.2d 656]; *Woodruff Co.* v. *Exchange Realty Co.,* 21 Cal.App. 607, 609-610 [132 P. 598]; *Rusconi* v. *California Fruit Exchange,* 100 Cal.App. 750, 755-756 [281 P. 84]; 17 C.J.S. 932, § 452; Rest., Contracts, 399, § 274; 3 Williston on Contracts, rev. ed., 2359, § 841.) He who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed. (*Cameron* v. *Burnham,* 146 Cal. 580, 584 [80 P. 929]; *Rathbun* v. *Security Mfg. Co.,* 82 Cal.App. 793, 796 [256 P. 296].) "In promises for an agreed exchange, any material failure of performance by one party not justified by the conduct of the other discharges the latter's duty to give the agreed exchange even though his promise is not in terms conditional." (Rest., Contracts, 399, § 274.)

A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed. (Civ. Code, § 1436.) Before any party to an obligation can require another party to per-

form an act under it, he must fulfill all conditions precedent thereto imposed on himself. (Civ. Code, § 1439.)

It was incumbent on Leach to prove that he had performed all obligations imposed on him by the contract. (*Kane* v. *Sklar*, 122 Cal.App.2d 480, 482 [265 P.2d 29].) This he did not do. It is manifest from the record that Leach wholly failed to discharge the obligations to which he subscribed and bound himself, and that he purposely breached the contract by not paying royalties due and by not furnishing plaintiffs with reports of his sales as required by the contract. Payment of royalties due and the making of reports of sales constituted the consideration for the right to use plaintiffs' control mixture and labels, and therefore were conditions precedent to Leach's receiving control mixture. Failure to perform those obligations was a material failure of consideration which discharged plaintiffs' duty to supply control mixture. Leach was not entitled to recover because of the failure of plaintiffs to thereafter deliver control mixture if in fact they so failed.

The findings with respect to count I of the cross-complaint are supported by the evidence.

Count II realleges all the allegations of count I except those with respect to damages, and avers that about January 1957 Leach entered into an oral contract with plaintiffs by which he agreed to permit them to use the physical facilities of his business premises for the purpose of moving into them the inventory, fixtures, and machinery of Turner Chemical Company of Portland, Oregon; plaintiffs agreed to pay all costs of installation and of labor in handling the inventory; the reasonable value of the use of the premises and the handling of the inventory is about $3,500; demand has been made on plaintiffs for the payment of this sum but the same has not been paid.

The answer denied all the allegations of count II. The court found: "It is true that defendants have not established by a preponderance of evidence the second cause in the cross-complaint." Judgment was for plaintiffs and cross-defendants.

Leach claims that on his testimony with respect to this transaction, which he says was uncontradicted, he was entitled to recover $2,804.23.

The machinery, fixtures, and inventory were installed and the labor in handling the inventory was completed about January 1957. On September 11, 1957, Roscoe S. Turner issued his check for $276 payable to Leach. The check was endorsed, "This check pays in full all monies due Pry Cor-

poration and W. T. Leach due from Sanipro Chemical Corporation of Brooklyn N Y as of August 31st 1957——W T Leach." The check was paid in due course. The "Pry Corporation" referred to was Leach, doing business as Pry Corporation of Southern California. The trial judge said the check "is destructive of Leach's contentions under the second cause set out in the cross-complaint. The explanation thereof by Leach is not convincing." We agree. The endorsement on the check is subject to the construction placed on it by the trial judge. His conclusion that Leach's explanation, which was to the effect that the check was given for another purpose, was not convincing settles the matter. It was the function of the trial judge, not this court, to determine the weight to be given to Leach's testimony. It cannot be said as a matter of law that Leach established the allegations of count II of the cross-complaint.

No complaint is made with respect to the judgment as to count III of the cross-complaint.

Affirmed.

Shinn, P. J., and Ford, J., concurred.