**TZU CHIEN CHEN, Plaintiff–Appellant,**

v.

**THOMAS & BETTS CORPORATION,
a Tennessee Corporation,
Defendant–Appellee.**

No. 05–16633.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Feb. 25, 2008.

Gregory D. Brown, Esq., John J. Verber, Robert Bodzin, Burnham & Brown, PLC, Oakland, CA, John Derrick, Esq., Law Offices of John Derrick, Santa Barbara, CA, for Plaintiff–Appellant.

John J. Verber, Robert M. Bodzin, Burnham & Brown, PLC, Oakland, CA, Richard A. Derevan, Esq., Snell & Wilmer L.L.P., Costa Mesa, CA, for Defendant–Appellee.

Before: SCHROEDER, BYBEE, Circuit Judge, and WU *, District Judge.

## MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

At the pre-trial conference, the district court dismissed *pro per* plaintiff Tzu Chien Chen's unfair business practice claims under Cal. Bus. & Prof.Code § § 17200 *et seq.* and 17500 *et seq.* pursuant to a Fed. R.Civ.P. 52(c) motion made by defendant Thomas & Betts Corporation ("T&B"). After a subsequent bench trial on Chen's two remaining causes of action for breach of a foreign distribution contract and breach of the implied covenant of good faith and fair dealing, and on T&B's counterclaim for rescission, the district court entered judgment against Chen and in favor of T&B on each of those claims. Chen now appeals with respect to the § 17200 cause of action and the claims that went to trial. We affirm the judgment of the district court.

Rule 52(c), on its face, applies only to entry of judgment after a party "has been fully heard on an issue" *"during"* a non-jury trial. We decline to extend its meaning beyond that context. We further reject T&B's argument that Chen has waived his right to claim procedural error. Nevertheless, the district court's order dismissing the unfair competition claims did not indicate that it was resting on Rule 52(c).[1] Where a party has "had a full and

---

\* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court's dismissal was substantively correct. "A UCL [§ 17200] action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Mar-*

*tin Corp.,* 29 Cal.4th 1134, 1144, 131 Cal. Rptr.2d 29, 63 P.3d 937 (2003). Prevailing plaintiffs are generally limited to injunctive relief and restitution. *Id.* Chen did not request injunctive relief below, nor did he argue on appeal that he was entitled to such relief. While in his Complaint he does seek "disgorgement of profits," "[u]nder the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits

fair opportunity to develop and present facts and legal arguments in support of its position," a summary disposition at the pretrial conference hearing is permitted under our decision in *Portsmouth Square, Inc. v. Shareholders Protective Comm.,* 770 F.2d 866, 869 (9th Cir.1985). However, because Chen was *pro per* at that time, there is an issue as to the adequacy of notice. *See Garaux v. Pulley,* 739 F.2d 437, 439–40 (9th Cir.1984).

Even if the district court committed procedural error in dismissing Chen's § 17200 claim at the pre-trial conference, that error would not require reversal. A § 17200 claim is an equitable action wherein the only two normal remedies (*i.e.,* injunction and restitution) need not be awarded even where an unfair business practice has been established. *See Cortez v. Purolator Air Filtration Products Co.,* 23 Cal.4th 163, 180 [96 Cal.Rptr.2d 518, 530], 999 P.2d 706 (2000) ("The court's discretion is very broad. Section 17203 does not mandate restitutionary or injunctive relief when an unfair business practice has been shown."). Here, after a trial on the merits where Chen was allowed to present whatever evidence he had (consistent with the Rules of Evidence), the district court determined that Chen had not proven either his performance under the contract or that T&B had engaged in any improper conduct. Those factual findings would preclude any award of discretionary relief under § 17200.

■ The district court's finding in favor of T&B on its counterclaim for rescission is problematic, but any purported error does not require reversal. The effect of the court's ruling was merely to end any future contractual obligations between the parties. That decision was correct but should not have been labeled a "rescission." "[T]he *equitable action* to have a rescission adjudged was *abolished* in 1961, and the statutes now deal solely with *unilateral rescission* by notice and offer to restore the consideration. [Emphasis in original.]" 1 Witkin, *Summary of California Law (10th Ed.): Contracts* § 930, at 1026–27 (2005). As noted at oral argument, Chen's only real purpose in challenging the district court's rescission ruling was to set it aside in order to reach the breach of contract and breach of implied covenant claims. As to the trial judge's rulings on those causes of action, however, there was no error.

With respect to Chen's breach of contract claim, the district court found in favor of T&B and against Chen because: (1) Chen failed to prove that he performed or was excused from performing his obligations under the contract; (2) Chen failed to prove that T&B breached the contract or any implied covenant thereunder; and (3) Chen failed to prove damages.

■ As to Chen's performance or excuse for non-performance of the contract, the record contains substantial evidence and the district court did not clearly err in finding that Chen had: 1) failed to meet the minimum purchase requirements under the contract, 2) failed to properly register his business, 3) failed to make sales forecasts, 4) failed to use his best efforts to perform the contract, and 5) failed to establish any excuse for his lack of performance. With the exception of the first item,[2] those failures were material breaches of the contract.

---

in which the plaintiff has an ownership interest." *Id.* at 1148, 131 Cal.Rptr.2d 29, 63 P.3d 937. Chen has never alleged or shown that the "disgorgement of profits" which he seeks falls within that definition.

**2.** Section 3 of the contract provided that a failure "to purchase any minimum amount of Products in any Year shall not in and of itself constitute a default under this Agreement...."

We need not reach the issues of T & B's alleged breach or Chen's purported damages because the district court's finding with respect to Chen's non-performance is a sufficient basis for affirming its judgment as to the breach of contract claim. Under applicable California law, "[a] party complaining of the breach of a contract is not entitled to recover therefor unless he has fulfilled his obligations." *Pry Corp. of America v. Leach*, 177 Cal. App.2d 632, 639 [2 Cal.Rptr. 425, 429] (1960); *see also* 1 Witkin, *Summary of California Law (10th Ed.): Contracts* § 848, at 935 (2005) ("The plaintiff must be free from substantial default in order to avail himself or herself of the remedies for the defendant's breach. Hence, the plaintiff must plead and prove performance ... or an excuse for performance.").

Finally, we agree with—and Chen did not really challenge—the district court's determination that Chen's claim for breach of the implied covenant of good faith and fair dealing may be disregarded as merely superfluous to the allegations of breach of contract. *See Bionghi v. Metropolitan Water Dist.*, 70 Cal.App.4th 1358, 1370 [83 Cal.Rptr.2d 388, 396] (1999).

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**