**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JET SOURCE CHARTER, INC., a Nevada Corporation, | No. 11-55396 |
| Plaintiff - Appellee, | D.C. No. 3:07-cv-00433-JLS-JMA |
| v. | MEMORANDUM[*] |
| GEMINI AIR GROUP INC.; TIM CARPAY, | |
| Defendants - Appellants, | |
| and | |
| DOES 1 - 30, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted February 5, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellee Jet Source Charter, Inc. ("Jet Source") contracted with Defendant-Appellant Gemini Air Group, Inc. ("Gemini"). Under the contract, Jet Source provided charter flights to private customers on a jet airplane operated by Gemini. Jet Source terminated the contract, claiming Gemini was in breach. Jet Source brought suit in state court. Gemini removed to federal court and counterclaimed, claiming breach by Jet Source. The jury found that both parties breached and that neither could recover contract damages. The jury found that Gemini was negligent and awarded Jet Source $13,200 in tort damages. Gemini appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the jury's verdict as to breach of contract, but reverse the jury's award of tort damages. We also affirm the district court's admission of an FAA Order Assessing Civil Penalty ("Order") over Gemini's objection.

We affirm the jury's verdict on Gemini's breach of contract claims. We review a jury verdict for substantial evidence. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). Substantial evidence supports the jury's finding that Gemini breached the contract and that the breach was material. Because Gemini breached the contract, it is not entitled to recover contract damages under California law. *Pry Corp. of Am. v. Leach*, 177 Cal. App. 2d 632, 639 (1960).

2

Gemini argues that the district court should not have permitted Jet Source to present the negligence claim to the jury because Gemini had no independent duty outside the contract that would trigger tort liability. We agree. We review de novo the district court's interpretation of state contract law. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 949 (9th Cir. 2006). Under California law, a breach of contract may yield tort damages where the party also breached an independent duty of care. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994). There was no independent duty in this case beyond Gemini's duty to perform under the contract. We do not need to address Gemini's argument that the damages were not recoverable under the contract's terms.

Gemini claims that the district court erred under Federal Rules of Evidence 401 and 403 when the court admitted a Federal Aviation Administration Order assessing a civil penalty against Gemini. We review the district court's admission of the Order for an abuse of discretion. *Harper*, 533 F.3d at 1030. The Order was directly relevant to whether Gemini had engaged in the conduct that Jet Source claims breached the contract. The district court was within its discretion in finding that the Order was not unduly prejudicial in light of its relevance. We affirm the district court's admission of the Order.

In sum, we leave intact the jury's verdict awarding no contract damages against Jet Source. We reverse the jury's verdict awarding $13,200 in tort damages against Gemini.

The parties will bear their own costs on appeal.

**AFFIRMED in part and REVERSED in part.**

4