[Civ. No. 18295. Second Dist., Div. Two. July 2, 1951.]

A. STANTON DIXON et al., Appellants, v. EASTOWN REALTY COMPANY (a Corporation), Respondent.

C. V. Caldwell for Appellants.

I. H. Prinzmetal and Harry Pregerson for Respondent.

WILSON, J.—Action to abate a nuisance consisting of a slight encroachment of defendant's garage building on plaintiffs' property. Judgment was entered in favor of defendant from which plaintiffs have appealed.

The facts agreed upon by the parties and found by the court are as follows: Prior to June, 1929, one Davies and wife were the owners of an unimproved parcel of property described as Lots 19, 21 and 23 in Tract 4738. Between June, 1929, and June, 1930, Mr. and Mrs. Davies caused two structures to be erected on the property, a 16-unit two-story apartment building on Lot 19 and the south 42 feet of Lot 21, and a two-story garage building on Lot 23 and the north 6 feet of Lot 21. The garage is north of the apartment and the two buildings are separated by a walk leading from the street to the side entrance of the apartment house.

About June 12, 1930, shortly after the completion of the apartment, plaintiffs loaned to Mr. and Mrs. Davies the sum of $10,000 and received a second trust deed on the apartment building and premises as security. On May 13, 1937, in satisfaction of the indebtedness, Mr. and Mrs. Davies conveyed the apartment property by grant deed to plaintiffs who, ever since that date, have been the owners thereof.

On August 10, 1932, Davies and wife conveyed the garage property to Beverly Hills National Bank and Trust Company and by mesne conveyances title thereafter became vested in defendant.

The garage wall encroaches upon plaintiffs' property a distance of 0.35 of a foot at its northwest corner and 0.15 of a foot at the northeast corner thereof. The brick wall of the garage is covered by a coat of stucco less than three fourths of an inch thick, and near the foot of the south wall there is a molding 2 inches thick and 13 inches wide. The aggregate thickness of the stucco and molding is 2.40 inches.

The buildings are approximately parallel with each other and, exclusive of the wooden stairways (which were originally erected by Davies and wife when the buildings were constructed) on the north side of plaintiffs' apartment house, the buildings are approximately 47 inches distant from each other at all points.

Prior to the time plaintiffs made the loan of $10,000 on the apartment they had seen both buildings but made no inspection of them and no survey was made by any of the parties prior to the conveyances by Mr. and Mrs. Davies above mentioned. At the time of the respective conveyances the title reports made no reference to any encroachment.

In May, 1947, upon learning that defendant's immediate grantor was the owner of the garage, plaintiffs communicated with such owner with respect to the encroachment and negotiations were conducted by the attorneys of the parties until August, 1948, without result. Plaintiffs did not learn that defendant had become the owner of the garage until immediately before the filing of this action.

The distance between the two buildings has not been altered since their erection. Such space is used as a side entrance to the apartment building and as a means of egress from the rear thereof to the street. There is no alley or other passageway along the rear of the apartment house but there is a yard in the rear which does not border on a street or public alley. There is also a front entrance to the apartment building.

The court further found that on the southwest corner of defendant's garage there is a tower which was constructed as a part of the building and has so remained since its completion, which tower encroaches approximately 13½ inches over the line of plaintiffs' property, the bottom of the tower being approximately 12½ feet above the ground; that no action was filed by plaintiffs for the abatement of the encroachment until the instant action was filed, but about March, 1946, plaintiffs demanded of the then owner that the encroachment be removed; that the nature of the construction of the garage is not such that the encroaching portions can be removed without damage or detriment to the building, such encroachments do not constitute a nuisance and plaintiffs have not been damaged by reason thereof in any sum.

As conclusions of law the court found that to the extent of the encroachments above described there exists an easement on plaintiffs' property for the benefit of the property of defendant; that plaintiffs have not suffered any damage by reason of the encroachment and are not entitled to an injunction, damages, or any other relief.

Section 1104 of the Civil Code reads as follows:

"[What easements pass with property.] A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed."

It is a rule of real property that when an owner of the entire estate sells a portion of it, the purchaser takes the portion sold with all the benefits and with all the burdens that appear at the time of the sale to belong to it as between it and the property which the grantor retains. (*Kallenburg* v. *Long*, 39 Cal.App. 731, 735 [179 P. 730]; *Jersey Farm Co.* v. *Atlanta Realty Co.*, 164 Cal. 412, 415 [129 P. 593]; *Cheda* v. *Bodkin*, 173 Cal. 7, 14 [158 P. 1025].) In the latter case the court said: "Where the owner of one heritage consisting of several parts has so adapted them that one derives a benefit from the other, when he sells one of them without making mention of the incidental burdens of one in respect to the other, an implied understanding arises that the burdens and correlative advantages shall continue as before the separation of the title."

■ When Mr. and Mrs. Davies conveyed Lot 23 and the north 6 feet of Lot 21, the property on which the garage had been erected, it was not and will not now be assumed that they intended to transfer the garage property without conveying the entire parcel of land on which it stood, or that they intended to transfer the garage and exclude from the conveyance any portion of the wall.

The transfer of a thing transfers also all its incidents, unless expressly excepted. (Civ. Code, § 1084.) "One who grants a thing is presumed to grant also whatever is essential to its use." (Civ. Code, § 3522.) Hence, since the wall of the garage is essential to the use of the building it is presumed that Mr. and Mrs. Davies transferred the entire wall including that portion which encroaches on plaintiffs' property. When the owner of real property conveys a portion of it "he is taken by implication to include in his grant all such easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form which it assumes at the time he transfers it." (*Cave* v. *Crafts,* 53 Cal. 135, 140; *Southern Pac. Co.* v. *Los Angeles Milling Co.,* 177 Cal. 395, 402 [170 P. 829].)

■ Plaintiffs contend that the court erred in failing to make findings of fact (1) as to the width of the passageway between the two buildings, for the reason that such passageway is narrower than permitted by section 15687 of the Health and Safety Code; (2) as to the truth of the allegation to the effect that the encroachment of defendant's building upon plaintiffs' premises casts a cloud upon the title to the latter and reduces its market value and salability; (3) as to the cost of removing the encroaching portions of defendant's building, which cost was alleged in the complaint to be the sum of $1,600; (4) as to whether Davies and wife had knowledge of the encroachment at the time they made the conveyance to plaintiffs and at the time they conveyed the garage property to the Beverly Hills National Bank and Trust Company. They further contend that the court erred in finding that the encroachment does not constitute a nuisance, that plaintiffs have not been damaged in any sum, and that they have not suffered any injury or loss by the continuance of the encroachment.

The garage building was constructed prior to June, 1930, and the first conveyance thereof was made by Mr. and Mrs. Davies in August, 1932. The court found that the wall of the garage has not been altered since its construction, hence

the easement was created by the first conveyance of the garage property in 1932. Since the court's finding relating to the easement determines the rights and obligations of the parties there could be no purpose in making findings of fact concerning the width of the passageway, the effect of the encroachment upon the market value of plaintiffs' property, and the possible cost of removing the encroaching portions of defendant's wall. Inasmuch as the easement exists in favor of defendant and its property, the court could not enjoin the continuance of such encroachment or allow damages to plaintiffs by reason thereof. A trial court need not make an express finding upon an issue which is implicit in the findings made by the court. (*Haigler* v. *Donnelly,* 18 Cal.2d 674, 677-8 [117 P.2d 331].)

Plaintiffs further contend that in its conclusions of law the court found that there exists an easement upon plaintiffs' land for the benefit of the garage property of defendant but such provision was not carried into the judgment. Plaintiffs are not in a position to complain by reason of such omission from the judgment. However, they contend that since the findings and conclusions constitute the court's decision (Code Civ. Proc., § 632) the judgment may possibly be modified or amended in the future, *nunc pro tunc,* so as to include a provision which will be in accord with the conclusion of law above mentioned. Plaintiffs will not be injured by such a modification if made, in view of the fact that the trial court and this court have determined that the easement for the benefit of defendant's property actually exists.

Plaintiffs' final complaint is that the court erred in rendering judgment that "each party take nothing except cost to defendant." The adjudication that plaintiffs are not entitled to relief has been disposed of in this opinion. The judgment that defendant take nothing "by its cross-complaint" has reference to allegations in defendant's pleading with reference to an incinerator maintained by plaintiffs which was alleged to be a nuisance and to defendant's prayer for its abatement and for damages. Since the latter part of the judgment is in plaintiffs' favor there is no ground upon which they may assert error.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.