[Civ. No. 20314.   Second Dist., Div. Two.   Nov. 19, 1954.]

CARRIE WALLACE, Respondent, v. ALVIN D. THOMPSON, Appellant.

Walter L. Gordon, Jr., for Appellant.

Gladys Towles Root and Joseph M. Rosen for Respondent.

McCOMB, J.—Defendant appeals from a judgment of the trial court directing sale of real property in a partition action.

The sole ground of appeal is that there is no evidence to sustain this finding of fact: "III   The Court further finds that the real property hereinafter described, and the personal property heretofore described, is so situated that partition cannot be made without great prejudice to the parties herein."

In his brief defendant states: "It is the contention of Appellant that Plaintiff failed to prove that a partition of the property could not be made without great prejudice to the owners.   In other words, Finding No. III of the Inter-locutory Judgment is not supported by the evidence [Clk.

Tr. p. 26]." Aside from this there is a total failure to comply with the following requirements of rule 13, Rules on Appeal, 36 Cal.2d 14: "The opening brief shall contain a statement of the case, setting forth concisely, but as fully as necessary for a proper consideration of the case, in such order as the appellant may prefer, the nature of the action or proceeding and the relief sought, a summary of the material facts, and the judgment or ruling of the superior court."

■ Defendant is asking this court to search the record, read the transcript and determine that there is no evidence to support the questioned finding. Such a procedure is not incumbent upon a reviewing court. Mr. Justice Nourse in *Wieczorek* v. *Texas Co.*, 45 Cal.App.2d 450 [114 P.2d 377] (hearing denied by the Supreme Court) at page 456, accurately states the rule thus: "Appellant's answer to this damaging state of the record is that it is sufficient for an appellant to merely state that the evidence does not support any finding of the trial court—that it then is incumbent upon the respondent to prove that every finding is sound. This is not in accord with the accepted rule of practice. The rule to the contrary is found in 2 California Jurisprudence, page 730, where it is said: 'When it is contended that the evidence does not sustain the findings, the appellant must point out in his brief the evidence, . . . and he must show wherein the evidence does not sustain the findings.' (citing cases)."

Again, in *Trancoso* v. *Trancoso*, 96 Cal.App.2d 797, 798 [216 P.2d 172], Mr. Justice Vallée, speaking for the court, says: "It is not incumbent on a reviewing court to make a 'critical' or any other search of the record to determine whether the evidence supports the findings. It is the duty of appellant to show in his brief wherein the evidence does not support the findings."

■ In view of the foregoing rule, in the absence of defendant's bearing the burden cast upon him of presenting to this court error occurring in the trial court, the presumption applies that there was substantial evidence to sustain the questioned finding.

Affirmed.

Moore, P. J., and Fox, J., concurred.