[Civ. No. 20461.   Second Dist., Div. Two.   Apr. 21, 1955.]

ROWENA J. GRAYSON, Respondent, v. MICHAEL GRAYSON, Appellant.

Thomas D. Mercola for Appellant.

Alexander K. Ginsburg for Respondent.

McCOMB, J.—Defendant appeals from a judgment, after trial before the court without a jury, in an action to recover damages for breach of a contract.

Defendant contends that "the trial court erred in awarding judgment and damages to the respondent."

Nowhere in defendant's brief is any attack made on any finding of fact nor are there any references in

his brief to the reporter's transcript. Hence this court is not advised by reading defendant's brief where the evidence may be found to support his contentions. It would require this court to search the record itself to see if there is any evidence to support his contentions. This an appellate court will not do. (*Wallace* v. *Thompson,* 129 Cal.App.2d 21, 22 [2] [276 P.2d 108].)

Defendant has failed to comply with rule 15(a), Rules on Appeal, 36 Cal.2d 1, 15. The rule was accurately stated in *Richard* v. *Richard,* 123 Cal.App.2d 900, 902 [5] [267 P.2d 867], thus:

"The provisions of this rule are not mere technical requirements, but are prescribed for the purpose of facilitating disposition of cases upon appeal and directing the court's attention to the specific errors of law alleged to have been committed by the trial court. Not only must an appellant raise the point in his brief properly but he must point out the error specifically showing accurately wherein the lower court's action is deemed erroneous. (See cases cited in 4 Cal.Jur.2d (1952), Appeal and Error, § 480, n. 4, p. 311.)"

It is likewise settled that every point relied on for reversal should be stated and argued in the opening brief, and should not be presented for the first time in the reply brief. Points so presented will ordinarily not be considered by an appellate court. (*Richard* v. *Richard, supra,* 903 [7]; *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 808 [8] [241 P.2d 639].)

Since defendant has failed to meet the foregoing requirements, he has not sustained the burden cast upon him and the decision of the trial court and the judgment must be affirmed.

Affirmed.

Moore, P. J., and Fox, J., concurred.