[Civ. No. 21022.   Second Dist., Div. One.   Feb. 20, 1956.]

LEROY DEVERS, Respondent, v. M. S. A. GREENWOOD et al., Appellants.

Barry Sullivan for Appellants.

Vaino Hassan Spencer for Respondent.

FOURT, J.—This is an action for declaratory relief, cancellation and reformation of instruments, damages for fraud and usury, and to quiet title. From a judgment rendered in favor of plaintiff and against defendants Greenwood and Merchants and Manufacturers Escrow Title and Mortgage Corporation in the sum of $560.87, and against defendant Greenwood in the sum of $500, exemplary damages, said defendants have appealed.

The record discloses the following facts: Plaintiff was the owner of certain real property situated in the city of Los Angeles, California. Defendant M. S. A. Greenwood, hereinafter referred to as Greenwood, was a real estate broker doing business as the Greenwood Mortgage Company, and defendant Merchants and Manufacturers Escrow Title and

Mortgage Corporation, hereinafter referred to as the escrow corporation, was a California corporation of which Greenwood was president and agent.

About March 28, 1952, plaintiff employed Greenwood, in his capacity as a real estate broker, to refinance plaintiff's property. Thereafter, in connection with such refinancing, two escrows were opened with the escrow corporation. All of plaintiff's negotiations and dealings were directly with Greenwood in his dual capacity as real estate broker and as escrow clerk for the escrow corporation. No agreement was ever reached between plaintiff and defendants relative to the amount or payment of brokerage commissions or escrow fees and charges with regard to any of the transactions in question.

Defendant Greenwood procured for plaintiff a loan from the Whittier Savings and Loan Association in the principal sum of $5,000, secured by a first deed of trust on plaintiff's property; Greenwood also obtained a loan of $2,000 from defendant Florence Shaffer, secured by a second deed of trust on the same property. The note evidencing this $2,000 loan was executed by plaintiff in blank and was subsequently filled in by Greenwood as follows: ''For the principal sum of $2,200.00, with interest thereon at 10% per annum in favor of Florence Shaffer, principal and interest payable in installments of $35.00 per month, due on the 15th of each month, beginning July 15, 1952 and continuing to September 15, 1952, at which time the then remaining balance, plus accrued interest, shall become due and payable at once.'' The note was dated June 17, 1952, with interest due from that date. The total amount loaned by Florence Shaffer to the plaintiff as consideration for the note was $2,000, of which sum $175 was repaid.

Greenwood also obtained plaintiff's signature to another note and trust deed, both of which were executed in blank and were thereafter completed to create a $400 promissory note in favor of defendant Sarah Riley, who was the agent of Greenwood, and a third trust deed on plaintiff's property. No consideration was paid to plaintiff for this note and trust deed and he had no knowledge thereof until several months after the deed of trust was recorded. (Subsequent to the filing of the instant action the defendant escrow corporation, as trustee on the third deed of trust, executed a reconveyance to plaintiff.)

In addition to the above-mentioned promissory notes and deeds of trust which respondent executed in blank, defendant

Greenwood obtained plaintiff's signature in blank to various escrow instructions and authorizations to pay invoices and charges in connection with the escrows herein involved. These documents were filled in by Greenwood, without plaintiff's knowledge or consent, directing the payment of plaintiff's loan proceeds to defendant Greenwood as commission for services allegedly rendered; to defendant escrow corporation for fees and charges, and to defendant Florence Shaffer as repayment for a purported cash advance to respondent, which advance in fact was never made.

None of the proceeds of the loans were paid to plaintiff, who made numerous demands upon the escrow corporation for a closing statement regarding his account between July 24, 1952, at which date the refinancing was completed and the escrow closed, and October of 1952. It was not until January 5, 1953, that the escrow corporation furnished plaintiff with the closing statement.

Defendants contend that ''fraud was not pleaded, proved or adjudged,'' since the element of damages is lacking both in the pleadings and in the findings and judgment. Such contention is devoid of merit. ■■■ The allegations set forth in plaintiff's complaint are sufficient to state a cause of action for constructive fraud, which consists in any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, by misleading another to his prejudice. (Civ. Code, § 1573.) ■■■ Where there is between the parties a fiduciary relationship, the very existence of such relationship precludes the party in whom the trust and confidence is reposed from participating in profit or advantage resulting from the dealings of the parties to the relation. (*Estate of Cover*, 188 Cal. 133, 143 [204 P. 583].) ■■■ Constructive fraud exists in cases in which conduct, although not actually fraudulent, ought to be treated as such, having all the actual consequences and all the legal effects of actual fraud. (*Estate of Arbuckle*, 98 Cal.App.2d 562, 568 [220 P.2d 950, 23 A.L.R.2d 372].) ■■■ One who holds a confidential relation toward another will not be permitted to take advantage of such relation in favor of himself or deal with the other party to that relation upon terms of his own making. (*Sparks* v. *Sparks*, 101 Cal.App.2d 129, 136 [225 P.2d 238].)

■■■ In his complaint plaintiff alleged that he employed defendant Greenwood, in his capacity as a real estate broker,

to refinance plaintiff's property; that there was no agreement between them as to fees and commissions; that at Greenwood's request he executed certain documents in blank; that without his authorization or knowledge Greenwood caused certain of these documents to be filled in so as to direct the payment of certain of plaintiff's loan proceeds to Greenwood as commissions for services allegedly rendered, to the escrow corporation for fees and charges, and to Florence Shaffer as repayment for a purported cash advance which plaintiff never received, and to create a promissory note in the sum of $400 and a third deed of trust in favor of defendant Sarah Riley for which plaintiff received no consideration; that Sarah Riley was the agent of Greenwood; that defendant Greenwood caused said third deed of trust to be recorded, thereby creating a cloud on the title to plaintiff's property.

The court found all of the foregoing allegations to be true and found that a fiduciary relationship existed between plaintiff and defendant Greenwood in his capacity as a real estate broker, and between plaintiff and defendant escrow corporation in its capacity as escrow agent; that Greenwood and the escrow corporation had charged plaintiff's account in the sum of $1,281.96, of which sum plaintiff had authorized charges in the amount of $144.28; that the sum of $310, although not authorized by respondent was reasonable compensation for services rendered; that although plaintiff was charged with the sum of $1,281.96, the amount actually withheld by Greenwood and the escrow corporation was $1,015.15, and the amount due and owing to plaintiff was $560.87. The court further found that in creating and causing to be recorded a third deed of trust against plaintiff's property, defendant Greenwood acted deliberately, maliciously and with intent to defraud plaintiff. Defendants have not, in their brief, attacked any of the findings of the trial court.

Defendant Greenwood's conduct clearly reflects a breach of the duty which he owed to plaintiff in the confidential relationship which existed between them. He caused plaintiff to execute notes and trust deeds in blank. On the $2,000 note in addition to the bonus of $200 to which plaintiff had agreed, Greenwood added 10 per cent interest, without the knowledge or consent of plaintiff. Plaintiff received no consideration for the $400 note and the third deed of trust created a cloud on the title to his property. The proceeds of plaintiff's loans were paid to defendants for commissions

and services without plaintiff's authorization or knowledge. That plaintiff suffered damage as the result of Greenwood's acts is obvious, and it was both pleaded and found.

Defendants maintain that the evidence is insufficient to support the judgment of $500 exemplary damage, that the pleadings are insufficient to show exemplary damage, and that exemplary damage cannot be allowed for breach of obligations arising out of contract. This contention is likewise without merit. Section 3294 of the Civil Code provides as follows: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." The trial court specifically found that defendant Greenwood breached obligations toward the plaintiff, not arising from contract, but arising from his fiduciary obligation to the plaintiff, and that he deliberately and maliciously, with intent to oppress and defraud the plaintiff, placed a cloud upon the real property of the plaintiff. That defendants caused a reconveyance to be executed after this action was filed does not alter the fact that defendant Greenwood was guilty of a breach of a fiduciary duty and of constructive fraud.

Defendants assert that there is no finding or judgment of usury. The trial court found that defendant Greenwood, on plaintiff's behalf, negotiated a loan with the defendant Florence Shaffer for the sum of $2,000; that the plaintiff executed a promissory note in blank, which was filled in by defendant Greenwood for the principal sum of $2,200, with interest thereon at 10 per cent per annum; that the total amount loaned by the defendant Florence Shaffer to the plaintiff as consideration for said promissory note was the sum of $2,000; that the total sum repaid by the plaintiff to defendant Florence Shaffer was $175. The court concluded that said note in favor of defendant Florence Shaffer is usurious, and the present unpaid balance due thereon is $1,825.

A finding will be treated as one of fact although mistakenly placed among the conclusions of law. (*Lande* v. *Southern Calif. Freight Lines,* 85 Cal.App.2d 416, 426 [193 P.2d 144] ; *Janise* v. *Bryan,* 89 Cal.App.2d Supp. 933, 941 [201 P.2d 466] ; *Johndrow* v. *Thomas,* 31 Cal.2d 202, 205 [187 P.2d 681].) The loan was clearly usurious. Sec-

tion 2 of the Usury Law (Stats. 1919, p. lxxxiii, Deering's Gen. Laws, Act 3757) provides that any contract to pay more than 12 per cent per annum renders the entire interest provision null and void. Article XX, section 22 of the Constitution prohibits any devices whereby the lender by charging a "fee, bonus, commission, discount or other compensation" will receive more than 10 per cent per annum for any loan of money. "When a bonus is paid for the making of a loan, it must be considered as interest, and taken out of the principal at the time of the making of the loan, and interest then computed upon the remainder of the principal. If upon such calculation, the interest so computed, plus the bonus, exceeds twelve per cent per annum, the contract is usurious, and if not, there is no usury." (*Otis* v. *I. Eisner Co.*, 7 Cal.App.2d 496, 499-500 [46 P.2d 235].)

Defendants contend that the trial court failed to make findings on all material issues. Where findings are made upon issues which determine a cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error. Also, an appellant cannot complain of the lack of a finding where such finding, if made, would necessarily have been against him. (*Chamberlain* v. *Abeles*, 88 Cal.App.2d 291, 300 [198 P.2d 927].) Defendants do not allege that the findings, if made, would be in their favor. They have not made any reference to the reporter's transcript and this court is unable to ascertain by reading their brief where the evidence may be found. An appellate court is not required to search the record itself to see if there is any evidence to support their contentions. (*Grayson* v. *Grayson*, 132 Cal.App.2d 471, 472 [282 P.2d 565]; *Wallace* v. *Thompson*, 129 Cal.App.2d 21, 22 [276 P.2d 108].)

Where the appellant fails to point out in his brief any particular issue or issues upon which the court omitted to find, or what particular finding or findings were unsupported by evidence, and the particulars in which they were unsupported, it is not the duty of the appellate court to investigate those questions. (*Kyle* v. *Craig*, 125 Cal. 107, 116 [57 P. 791].) The rule is aptly stated in *Rinker* v. *McKinley*, 65 Cal.App.2d 109, at pages 110-111 [149 P.2d 859], as follows: ". . . when an appellant contends that there is not any substantial evidence to sustain a finding of fact he must point out in his brief the (a) evidence, (*Brovelli* v. *Bianchi*, 136 Cal. 612, 613 [69 P. 416]; *People* v. *One 1938 Buick Sedan*, 39 Cal.App.2d 42, 45 [102 P.2d 447]) (b)

particular finding claimed to be unsupported, (*Kyle* v. *Craig*, 125 Cal. 107, 116 [57 P. 791]; *Cooper* v. *Weatherholt*, 28 Cal.App.2d 321, 325 [82 P.2d 524]) and (c) show wherein the evidence does not sustain the questioned finding; (*Duncan* v. *Ramish*, 142 Cal. 686, 689 [76 P. 661]; *Wieczorek* v. *Texas Co.*, 45 Cal.App.2d 450, 457 [114 P.2d 377]; *Glass* v. *City of Fresno*, 17 Cal.App.2d 555, 559 [62 P.2d 765]) otherwise the finding of the trial court is presumed to be correct and not erroneous and it will be upheld by an appellate court.''

Defendants have not shown the particular finding or findings that they claim are unsupported by the evidence nor wherein the evidence fails to sustain the findings.

Furthermore, defendants have failed to comply with rule 15(a), Rules on Appeal, 36 Cal.2d 1, 15. As stated in *Richard* v. *Richard*, 123 Cal.App.2d 900, 902 [267 P.2d 867], ''[t]he provisions of this rule are not mere technical requirements, but are prescribed for the purpose of facilitating disposition of cases upon appeal and directing the court's attention to the specific errors of law alleged to have been committed by the trial court. Not only must an appellant raise the point in his brief properly but he must point out the error specifically showing accurately wherein the lower court's action is deemed erroneous. (See cases cited in 4 Cal.Jur.2d (1952), Appeal and Error, § 480, n. 4, p. 311.)''

Defendants assert that the court erred in giving judgment to the plaintiff for the sum of $560.87. The court found that with the exception of the sum of $144.28, plaintiff had never authorized the payment of any funds as loan charges, commissions or escrow fees. There having been no agreement between plaintiff and defendants with respect to commissions and escrow fees, the court allowed defendants the reasonable value of the services rendered and found that the balance of the net loan proceeds defendants held in trust for plaintiff. The evidence supports the findings of the trial court.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied March 19, 1956, and appellants' petition for a hearing by the Supreme Court was denied April 18, 1956.