[Civ. No. 21526.   Second Dist., Div. One.   July 17, 1956.]

FREDERICK ZELLER, Respondent, v. GEORGE T. BROWNE et al., Appellants.

Greenbaum, Baker & Ancel, Richard A. Zabel and William P. Hyde for Appellants.

Howard W. Hunter for Respondent.

DORAN, J.—The defendants, husband and wife, are appealing from a judgment which "ORDERED, ADJUDGED AND DECREED that the plaintiff is the owner of an easement for a

walk and stairway and for a retaining wall securing the same together with the right of ingress and egress over and along that certain real property,'' thereafter described, belonging to the defendants. The judgment permanently enjoined defendants ''from maintaining any encroachments'' in reference thereto and from ''interfering in any manner with the easement adjudged to belong to the plaintiff or in the use and enjoyment thereof by plaintiff.''

The record discloses that the property involved in this controversy, namely, Lots 39 and 40, adjoining hillside lots in Alhambra, California, had been owned by Roy L. Robinson and wife for more than 20 years. On November 14, 1946, Lot 39 was conveyed by the Robinsons to Frederick Zeller, plaintiff and respondent herein, and Mrs. Zeller; on September 22, 1948, Lot 40 was conveyed by the Robinsons to defendant-appellant Dorothy A. Browne who, in turn, deeded Lot 40 to George T. Browne, husband and appellant.

During the period of the Robinsons' ownership (from 1917), the residence building on Lot 39 was occupied by Mr. and Mrs. Robinson; the house on the contiguous Lot 40 was rented to tenants by the Robinsons during the same period. The two residence buildings are located on the side of a hill, each has a separate entrance by steps from the street; the buildings are parallel to each other and are cut in the hill at the rear which has about a 40 per cent grade.

There is substantial evidence in support of the trial court's finding, ''That for many years prior to November 14, 1946, Robinsons had continuously occupied the house located on said Lot 39 and had used and maintained a concrete block walk on the northerly side of said house and concrete steps and stairway leading to a higher elevation at the rear of said house together with a concrete retaining wall along the northerly side of said walk and stairway; that a small portion of said walk, stairway and retaining wall is located on said Lot 39 and the greater portion is located on said Lot 40.''

The trial court further found ''That said walk and stairway were at all times, for many years prior to November 14, 1946, visibly present and continuously used by said Robinsons in connection with their occupancy of said house located on said Lot 39 and as their only reasonable access around the northerly side of their house and to reach the higher elevation at the rear of said house; that said use by Robinsons had been so obvious as to show that it was intended to be permanent.''

There is evidence sustaining the court's finding that from November 14, 1946, when plaintiff acquired title to Lot 39, plaintiff continuously so used said walk and stairway until in November, 1949, "when defendants, against the protest of plaintiff and without his consent and permission, constructed a steel chain link fence on said Lot 40 parallel to and approximately 0.34 of a foot northerly of the southerly line thereof thus preventing plaintiff's access to and from said walk and stairway"; that in November, 1953, "defendants erected against a portion of said steel fence, on defendants' side of said fence, corrugated iron sheets attached to said fence."

It was further found that "there was no malice on the part of defendants in constructing said fence but the construction thereof did constitute an unreasonable act on the part of defendants"; that plaintiff had not unreasonably delayed bringing this action; that there were no actual or punitive damages but that the easement in question "is necessary for the beneficial enjoyment of Lot 39 by plaintiff, and plaintiff cannot without unreasonable cost create a substitute on his own premises."

The appellants Browne contend that "it was reversible error not to make findings of fact on the affirmative defense of waiver . . . and estoppel"; that the judgment was not in accordance with the law in respect to easements by implication; and that the evidence is insufficient to sustain the finding of reasonable necessity for such an easement. It is likewise claimed that the evidence is insufficient to sustain the finding "That it is not true that any interest claimed by plaintiff in said Lot 40 has been settled or paid for by the Robinsons."

Appellants' contention that the findings are insufficient in that there are no express findings of fact on the subjects of waiver and estoppel is untenable. ■ As said in *Sears, Roebuck & Co.* v. *Blade*, 139 Cal.App.2d 580 [294 P.2d 140] (Feb. 29, 1956), "There is no error in the failure of the trial court to make an express finding upon an issue if it is implicit in the findings made." ■ Also, in the recent case of *Devers* v. *Greenwood*, 139 Cal.App.2d 345 [293 P.2d 834] (Feb. 20, 1956), the rule is laid down that "an appellant cannot complain of the lack of a finding when such finding, if made would necessarily have been against him." Consideration of the entire findings in the instant case and of the record as a whole makes it clear that such findings are im-

plied, and that had such express findings been made they would have necessarily been against the appellants. In this particular, then, no reversible error has been shown.

In respect to the law governing easements by implication, the parties to this appeal are, as stated in appellants' brief, "substantially in accord." Section 1104 of the Civil Code provides that "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed."

As said in *Dixon* v. *Eastown Realty Co.*, 105 Cal.App. 2d 260, 263 [233 P.2d 138], "It is a rule of real property that when an owner of the entire estate sells a portion of it, the purchaser takes the portion sold with all the benefits and with all the burdens that appear at the time of the sale to belong to it as between it and the property which the grantor retains." Also applicable to the present controversy is the case of *Fristoe* v. *Drapeau*, 35 Cal.2d 5, 8 [215 P.2d 729], where the court says: "The conditions of Section 1104 (Civil Code) are met by the facts of this case and there is also present the additional element usually required at common law for the creation of an easement by implication, i.e., that the easement should be reasonably necessary for the enjoyment of the property conveyed."

That the record herein discloses substantial evidence in support of the trial court's findings and judgment cannot be doubted. As noted in the previous résumé of the evidence, the Robinsons owned both Lots 39 and 40 for more than 20 years and during that period created and maintained the easement in question which, as the trial court found, was necessary to the enjoyment of the property. In 1946 Lot 39 was conveyed to respondent; about two years later Lot 40 was deeded to appellants. As found by the trial court, "None of the parties knew the location of the boundary line between the respective parcels when they made their respective purchases," and the deed to appellants made no mention of the easement. However, when appellants purchased Lot 40, the walk, stairway and wall in question were in use by the respondent as a necessary means of getting from a lower to a higher level of Lot 39 and to respondent's attic. The permanent nature of these physical features was obvious.

In November, 1949, appellants having ascertained the true boundary line by a survey, erected a steel fence, as hereinbefore mentioned, which effectually blocked respondent's only means of access to the higher level and attic, which the court found to be an unreasonable use of appellants' property. Respondent was, by the building department, denied a permit to construct another stairway.

The trial court's comments at the close of the case, "that it should try to put in effect the original intent of the parties," and that "its pretty obvious what the intention of the parties was," are well supported by both law and evidence. Likewise, the finding of no settlement between respondent and the Robinsons in respect to the easement, is supported by substantial evidence, as are all of the other findings. In this state of the record, it is not within the scope of appellate review to attempt a new appraisal of the weight of evidence.

The judgment is affirmed and the attempted appeal from the order denying a new trial is dismissed.

White, P. J., and Fourt, J., concurred.