[Civ. No. 24281.   Second Dist., Div. Two.   June 23, 1960.]

HARRY SCHULTZ, Appellant, v. H. STEINBERG et al., Defendants; NATHAN ADLER et al., Respondents.

Marshall H. Sevin for Appellant.

D. Brandon Bernstein for Respondents.

RICHARDS, J. pro tem.*—In an action for compensatory and punitive damages for fraud in the inducement of a sale of a coin-operated self-service laundry to the plaintiff, judgment was for defendants. Plaintiff appeals from the judgment, from an order dismissing the action as to one defendant which is embodied in the judgment, and from the order denying plaintiff's motion for a new trial.

An order denying a motion for new trial is nonappealable (Code Civ. Proc., § 963; *Rodriguez* v. *Barnett,* 52 Cal.2d 154, 156 [338 P.2d 907]) and is reviewable only as a part of an appeal from a judgment (*Hamasaki* v. *Flotho,* 39 Cal.2d 602, 608 [248 P.2d 910].)

The complaint alleges two causes of action: (1) damages for fraud based on alleged misrepresentations that (a) the business would be profitable, and (b) that the average monthly gross income of sellers during their operation of the business had equalled or exceeded $1,500 or within 5 per cent thereof; and (2) a common count for money had and received.

The defendants against whom the action was tried are H. Steinberg and H. Portugais, the sellers; Nathan Adler, a business opportunities broker and agent of the sellers; and Alexander Salomon, a real estate salesman and friend of plaintiff.

Although the appeal is from the entire judgment, plaintiff raises no contentions as to the defendants Steinberg and Portugais, who have not appeared in this appeal, and attacks the judgment only as it relates to defendants Adler and Salomon. As to them, plaintiff contends: (1) Three certain findings are

*Assigned by Chairman of Judicial Council.

not supported by the evidence; (2) error in dismissing the complaint as to defendant Salomon; (3) error in failing to find as to the value of the business at the time of its sale to the plaintiff, and (4) error in refusing to sustain plaintiff's objections to the findings as proposed and signed. ██ No argument is made or authorities cited on this latter contention and therefore we will not consider it. (*Estate of Scott*, 90 Cal.App.2d 21, 24-25 [202 P.2d 357]; *State* v. *Day*, 76 Cal.App.2d 536, 552 [173 P.2d 399].)

*Findings Attacked as Unsupported*

██ 1. Finding VIII is to the effect that neither Adler, Steinberg nor Portugais misrepresented to plaintiff the value of the business sold nor the value and income history of the business. Appellant's argument on this point is completely devoid of reference to the evidence thereon. His opening statement of facts, without transcript reference (Rules on Appeal, rule 15(a)), merely states that Salomon and Adler stated to plaintiff numerous times that the business gross income had been $1,700 to $1,800 per month. Instead of setting forth all of the evidence on this vital issue, appellant has set forth none. ██ On appeal the burden rests upon appellant "to demonstrate that there is no substantial evidence to support the challenged findings." (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550].) ██ "It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. ██ It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. ██ Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done the error assigned is deemed waived." (*Cooper* v. *Cooper*, 168 Cal.App. 2d 326, 331 [335 P.2d 983].) ██ The finding attacked was made on conflicting evidence, the plaintiff testifying as to such representations and Adler denying them. Without any assistance from appellant in setting forth the material evidence on this point we have not attempted to exhume it from the reporter's transcript of a four-day trial. (*Grayson* v. *Grayson*, 132 Cal.App.2d 471, 472 [282 P.2d 565]; *Wallace* v. *Thompson*, 129 Cal.App.2d 21, 22 [276 P.2d 108]; *Trancoso* v. *Trancoso*, 96 Cal.App.2d 797, 798 [216 P.2d 172].)

2. Finding X is to the effect that there was no fiduciary relationship between Salomon and Adler nor between plaintiff and them. Appellant's entire argument on this point is that "Salomon and Adler were at all times acting as agents of plaintiff." Again, appellant has failed to set forth the material evidence on this issue. The complaint alleges (paragraph III) that each defendant was the agent of each other defendant. The joint pretrial statement stipulates that Adler was the agent of Steinberg and Portugais and that Salomon was not an employee of Adler but was a friend of the plaintiff. Plaintiff's pretrial contention was that "defendant sellers misrepresented through their agents the value and history of income of said business." A proposed contention in plaintiff's pretrial statement that "defendant Adler and defendant Salomon each individually wrongfully acquired a profit as a proximate result of their misrepresentations" was stricken out, thus conclusively eliminating any issue as to the relationship of defendant Adler other than as the agent of Steinberg and Portugais.

■ As to defendant Adler, it is clear that the case was tried on the theory that he was agent of the sellers. Ordinarily a party is not permitted to change his position between the courthouse and the State Building and adopt a new and different theory on appeal. This is not only unfair to the trial court but manifestly unjust to the opposing party. (*Ernst v. Searle,* 218 Cal. 233, 240-241 [22 P.2d 715].) ■ Where a confidential relationship is not pleaded nor advanced as a theory at the trial, it may not be raised for the first time on appeal. (*Hausfelder v. Security-First Nat. Bank,* 77 Cal.App.2d 478, 483 [176 P.2d 84].)

■ As to defendant Salomon, even assuming contrary to the pleadings and to the issues framed at the pretrial, that there was tried an issue of his fiduciary relationship to the plaintiff, the plaintiff has utterly failed to establish that the evidence proves anything more than a friendship between him and the defendant Salomon. ■ "In the absence of a showing of the exercise of undue influence mere friendship does not constitute a confidential relationship." (*Hausfelder v. Security-First Nat. Bank, supra,* p. 482.)

■ 3. Finding XV is to the effect that the decline in income after the plaintiff's purchase of the laundry was due to his failure to give it sufficient attention. Plaintiff's only reference to evidence on this issue is to an admission by Adler that he told the plaintiff before the sale that "this was pretty

much a self-operating business, that he didn't have to be around it very much, as differentiated from a service type laundromat.'' We do find in the evidence that at least on one occasion during the plaintiff's operation of the business the coin boxes of the dryers were so completely loaded with unremoved coins that no more coins could be inserted so as to make the machines operate. This would appear to be a very effective way to reduce income in this kind of an operation. Not only does the plaintiff fail to establish that the finding is unsupported but the defendant's evidence and the inferences reasonably deducible therefrom indicate adequate support thereof. ▇▇▇ In any event, the finding attacked is not essential to support the judgment and may be treated as surplusage. (*Fleischer* v. *Cosgrove,* 145 Cal.App.2d 14, 17 [301 P.2d 911] ; *Colorado Corp., Ltd.* v. *Smith,* 121 Cal.App.2d 374, 377 [263 P.2d 79].)

### *Error in Dismissal of Defendant Salomon*

The complaint alleges that each defendant (including Salomon, sued as Doe 1) was the agent of each other defendant. The joint pretrial statement, attached to and made part of the pretrial order, stipulates that defendant Salomon was a licensed real estate salesman employed by a broker other than Adler and was a trusted friend of the plaintiff. It further stipulates that Adler was the agent of defendant sellers. Plaintiff's statement therein of the ''legal contentions to be made as to the issues remaining in dispute'' (Rules for the Superior Courts, rule 8.2(c)) reads in part as follows: ''Plaintiff contends that defendant sellers misrepresented through their agents the value and history of income of said business.''

At a conference in chambers prior to the commencement of the trial, defendant Salomon moved to dismiss on the ground that the complaint, as to him, failed to state a cause of action. After some discussion as to the propriety of such a motion at the time of trial, the motion was apparently withdrawn. However, at the close of the conference in chambers, the motion was denied.

Defendant Salomon was present throughout the trial and was examined as a witness by the plaintiff (Code Civ. Proc., § 2055) and also testified on behalf of himself and defendant Adler. He was exhaustively examined by plaintiff's counsel as to his personal relationship to plaintiff, his relationship to the defendants and his part in the entire transaction. Upon the close of the trial the court requested the filing of briefs and, as it appears from the memorandum opinion, defendant

Salomon renewed his motion for dismissal in his reply brief and on the same ground as originally advanced. In a carefully prepared memorandum opinion, the trial court, relying on *Baird* v. *Hodson,* 161 Cal.App.2d 687 [327 P.2d 215] and *Dell'Orto* v. *Dell'Orto,* 166 Cal.App.2d 825 [334 P.2d 97] ruled it had erroneously denied the original motion which should have been granted for the reason that the pretrial statements were inconsistent with the allegation in the complaint that Salomon was an agent of the other defendants and that the pretrial order, where inconsistent with the pleadings, controlled the subsequent course of the case. The record does not disclose whether appellant at any time thereafter made any attempt to amend his complaint. The court found that the complaint did not allege sufficient facts to constitute a cause of action against defendant Salomon nor that the evidence produced was sufficient to justify any judgment against him, and that the action should be dismissed as to said defendant Salomon, and judgment was rendered accordingly.

Plaintiff does not seriously challenge the correctness of the court's ruling, but does contend that the court's action was tantamount to sustaining a general demurrer without leave to amend, thereby denying him an opportunity to amend his complaint. Plaintiff's contention is partly correct in that an order sustaining an objection to the introduction of evidence on the ground of the insufficiency of the pleadings is tantamount to sustaining a general demurrer. (*Byson* v. *City of Los Angeles,* 149 Cal.App.2d 469, 472 [308 P.2d 765] ; *Bice* v. *Stevens,* 136 Cal.App.2d 368, 372-373 [289 P.2d 95].)

Even if it be assumed that the trial court's action constituted the sustaining of a general demurrer without leave to amend, such action by the trial court does not, in and of itself, establish grounds for reversal. While abuse of discretion in sustaining a demurrer without leave to amend is reviewable on appeal even in the absence of a request for leave to amend (Code Civ. Proc., § 472, subd. (c) ; *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 331 [253 P.2d 659]) nevertheless, the burden of showing such abuse rests upon the appellant and a reviewing court should reverse only where there is manifest an abuse of discretion in refusing leave to amend. (*Harrison* v. *Hanson,* 165 Cal.App.2d 370, 376 [331 P.2d 1084] ; *Broadway Federal Savings & Loan Assn.* v. *Howard,* 133 Cal.App.2d 382, 401 [285 P.2d 61].) Abuse of discretion is not shown where it is not indicated as to the manner in which it is proposed to amend nor the nature of the

proposed amendment. (*Stewart* v. *Douglass,* 148 Cal. 511, 512 [83 P. 699] ; *Feldesman* v. *McGovern,* 44 Cal.App.2d 566, 570 [112 P.2d 645] ; *Angelis* v. *Foster,* 24 Cal.App.2d 541, 544 [75 P.2d 650].) ■■■ Neither before the trial court nor before this court has plaintiff indicated the nature of a proposed amendment or the manner in which he would amend his complaint. Plaintiff has therefore failed to establish reversible error in the dismissal of the action as to defendant Salomon.

Additionally, the court found that no fiduciary relationship existed between the plaintiff and defendant Salomon; that no fiduciary relationship existed between defendants Salomon and Adler; and that the evidence produced was not "sufficient to justify any judgment against defendant Alexander Salomon."

In the light of the trial court's findings, it is clear that the procedural action of the trial court worked no such prejudice as resulted in a miscarriage of justice for the reason that it "did not prevent a full and fair disposition of the matters in issue or result in harm to plaintiff." (*Stafford* v. *People,* 144 Cal.App.2d 79, 81 [300 P.2d 231].) "This being so, plaintiff has not sustained [his] burden of showing that the claimed error was sufficient to justify a reversal." (*Kalfus* v. *Fraze,* 136 Cal.App.2d 415, 427 [288 P.2d 967].)

*Failure to Find on the Value of the Business Sold.*

Appellant's final contention is that the trial court failed to find the actual value of the laundry at the time of his purchase thereof. His total argument on this point, while succinct, is hardly helpful. It is: "The evidence and pleadings raised the issue as to the value of the coin-operated laundry since the value thereof was a material fact in the action." There is no issue involving misrepresentation as to the value of the business. The state of the evidence led the trial judge to say in his memorandum opinion: "The evidence is not convincing as to the value of such a business." ■■■ Omission to find, if the judgment is otherwise supported, is harmless error unless the evidence is sufficient to sustain a finding in favor of the complaining party which would have the effect of countervailing or destroying other findings (*Leonard* v. *Fallas,* 51 Cal.2d 649, 653 [335 P.2d 665] ; *Chamberlin* v. *Abeles,* 88 Cal.App.2d 291, 299 [198 P.2d 927].)

The appeal from the order denying the motion for new trial is dismissed and the judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.