Filed 11/17/21  Smart v. San Dieguito Union High School Dist. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MERCEDES SMART,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SAN DIEGUITO UNION HIGH SCHOOL DISTRICT et al.,<br><br>Defendants and Respondents. | D078305<br><br><br>(Super. Ct. No. 37-2018-00008696-CU-PO-CTL) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Mercedes Smart, in pro. per, for Plaintiff and Appellant.

Winet Patrick Gayer Creighton & Hanes, Randall L. Winet and David A. Veljovich for Defendants and Respondents.

In this appeal, plaintiff Mercedes Smart (Plaintiff) appeals from a September 2020 second amendment (2020 Amendment) to a September 2018 judgment of dismissal (2018 Judgment).  By the 2020 Amendment, the court only amended the 2018 Judgment to include an award of attorney fees in

favor of defendants San Dieguito Union High School District, Robert Coppo, Robert Shockney, and Jayme Cambra (together Defendants).

This is the second time this case is before us. In a February 2020 opinion, this court affirmed the 2018 Judgment as to Defendants (and others) on the basis that "Plaintiff's briefing in th[e] appeal fails to comply with the minimum requirements under the California Rules of Court." (*Smart v. San Dieguito Union High School Dist.* (Feb. 18, 2020, D074775) [nonpub. opn.] (*Appeal 1*).[1]) As we explain, Plaintiff has again forfeited appellate review, this time as a result of a presentation on appeal in which she fails to set forth any error in the order on appeal.

Accordingly, we affirm the 2020 Amendment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a complaint against Defendants and others in February 2018. Plaintiff alleged that, at all relevant times, she was a student at Torrey Pines High School, the school was "under the jurisdiction and control" of the San Dieguito Union High School District, and the remaining defendants were employees of the school and the district, acting within the scope of this employment. In her complaint, Plaintiff sought money damages, according to proof, based on the following five causes of action: (1) negligence, based on a knee injury Plaintiff allegedly suffered at an April 1, 2016 gymnastics meet; (2) negligence, based on an ankle injury Plaintiff allegedly suffered at a February 27, 2017 gymnastics practice; (3) slander, based on a May 23, 2017 report to the 911 operator which

---

[1] On our own motion, we take judicial notice of *Appeal 1*, *supra*, D074775 (Evid. Code, §§ 459, subd. (a), 452, subd. (a)), and adopt without citation to *Appeal 1* much of the factual and procedural presentation contained in this opinion, *post*.)

2

allegedly communicated medical information and a false statement about Plaintiff; (4) conversion, based on the alleged refusal, during the October 2016 - June 2017 time period, to return to Plaintiff a homework assignment she had submitted in September 2016; and (5) intentional infliction of emotional distress, based on unfair, retaliatory, and harassing conduct to Plaintiff.

In a special motion to strike, Defendants argued that Plaintiff's third cause of action for slander was a SLAPP and should be stricken pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute).[2] More specifically, Defendants contended that the third cause of action implicated their free speech rights under the state and federal constitutions, the subject speech at issue involved a matter of public interest, and Plaintiff could not establish the requisite probability of prevailing on the merits of her claim.

The trial court granted the anti-SLAPP motion and in September 2018 entered a judgment of dismissal as to Defendants (previously identified as the "2018 Judgment").[3] Plaintiff appealed, and in *Appeal 1*, *supra*, D074775, this court affirmed the judgment, ruling that she forfeited appellate review. In part, we reached that conclusion because, in her appellate briefing, Plaintiff failed "to present a coherent legal argument supported by applicable authority" as required by the California Rules of Court and related authorities.

---

[2]     "SLAPP" is an acronym for strategic lawsuit against public participation.

[3]     The 2018 Judgment was also directed to other causes of action and other defendants—none of which are at issue in the present appeal.

After the remittitur issued and jurisdiction returned to the trial court, Defendants filed a motion for the attorney fees and costs they incurred in defending *Appeal 1*, *supra*, D074775. Defendants sought $23,056.50 in attorney fees pursuant to the anti-SLAPP statute (Code Civ. Proc., § 425.16, subd. (c)(1)). Plaintiff filed written opposition, and Defendants filed a reply to Plaintiff's opposition.

Prior to oral argument on Defendants' motion, the court issued a tentative ruling, in which it granted the motion and awarded Defendants $16,484.50 in fees and $19.90 in costs based on the court's finding of the reasonableness of the hours and hourly rates and the statement that "[t]he court did not reduce the requested fees." At the hearing, counsel for Defendants noted that, although the tentative ruling stated that the court had not reduced the requested fees, the ruling tentatively awarded only $16,484.50 of the requested $23,056.50. The court acknowledged the error and in its minute order and written order awarded Defendants a total of $23,056.50 in attorney fees incurred in defending *Appeal 1*, *supra*, D074775.[4]

Consistent with the written order, in September 2020, the court amended the judgment (previously identified as the "2020 Amendment"). The 2020 Amendment expressly provides that it amends the September 2018 judgment "*only*" by awarding Defendants $23,056.50 against Plaintiff. (Italics added.)

---

[4] The minute order reflects an award of $23,036.60 in attorney fees and $19.90 in costs, for a total of $23,056.50. The written order, prepared by Defendants' counsel and consistent with Defendants' motion, reflects a total award of $23,056.50 in fees.

Plaintiff timely appealed from the 2020 Amendment.[5]

## II. DISCUSSION

In appealing from the 2020 Amendment, Plaintiff is seeking appellate review of the postjudgment order by which the court awarded Defendants $23,056.50 for the attorney fees they incurred in defending *Appeal 1*, *supra*, D074775. However, in her legal argument, Plaintiff does not once mention the 2020 Amendment, the award of attorney fees, or any postjudgment proceedings.[6] As we explain, by failing to argue how and why *the order on*

---

[5] In her opening brief on appeal, Plaintiff tells us that this appeal is from a final judgment of the superior court and, thus, appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1). In her civil case information statement, Plaintiff tells us that she is appealing from a judgment after an order granting a summary judgment motion. However, this is not an appeal from a final judgment, and the record contains no summary judgment proceedings involving these Defendants.

In fact, Plaintiff appealed from the 2020 Amendment, which is a postjudgment order—i.e., an order after the 2018 Judgment. Thus, we have jurisdiction pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2), which applies to "an order made after a judgment made appealable by [Code of Civil Procedure section 904.1, subdivision (a)(1)]."

[6] Plaintiff's entire "Argument" is two paragraphs, comprises less than one page of her 44-page typewritten brief, and provides *in full*:

"The trial court improperly granted [Defendants] the anti-SLAPP motion because [Defendants'] conduct did not involve an act in furtherance of their constitutional right of petition or free speech in connection with public issue. (425.16, subd. (b)(l); Lefebvre v Lefebvre (2011) 199 Cal. App 4th 696, 703 {131 Cal. Rptr. 3d 171} making of false police report is not an act in furtherance of constitutional right of petition or free speech. Causes of action arising from false allegations of criminal conduct are not subject to the anti-SLAPP laws. (Weinberg v Feisel (2002) 110 Cal. App 4th 1122, 1127 [2 Cal. Rptr. 3d 385]. Under the circumstances here, [Defendants] did not establish the threshold showing required to support a special motion to strike. (AOB D074775 p. 13-14)

*appeal*—i.e., the 2020 Amendment (as opposed to the 2018 Judgment)—is erroneous, Plaintiff forfeited appellate review.

We begin with the understanding that, because the trial court's order on appeal is presumed correct, Plaintiff, as the appellant, has the burden to demonstrate reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) By not mentioning, let alone suggesting an error in, the 2020 Amendment, Plaintiff necessarily failed to demonstrate reversible error in the postjudgment order on appeal.

We repeat our statement of the law from *Appeal 1*, *supra*, D074775, regarding the application of California Rules of Court, rule 8.204(a)(1)(B), and its related requirement that the parties identify the issues and arguments to be considered on appeal:

> "Pursuant to rule 8.204(a)(1)(B), all appellate briefs must '[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority.'
>
> " ' "[T]he provisions of this rule are not mere technical requirements, but are prescribed for the purpose of facilitating disposition of cases upon appeal and directing the court's attention to the specific errors of law alleged to have been committed by the trial court. Not only must an appellant raise the point in his brief properly but he must point out the error specifically showing accurately wherein the lower court's action is deemed erroneous.' (*Devers v. Greenwood* (1956) 139 Cal.App.2d 345, 352 [under former rule 15(a)].) Where an appellate party fails to comply with these requirements, the party has not properly briefed its

---

"California law states to prove intentional infliction of emotional distress [Plaintiff] have to prove [Defendants'] conduct was outrageous, the conduct was either reckless or intended to cause emotional distress; and as a result of [Defendants'] conduct [Plaintiff] suffered severe emotional distress. Fletcher v. Western National Life Insurance Co. (1970 10 Cal. App. 3d 376; Hughes v Pair (2009) 46 Cal. 4th 1035." (*Sic.*)

6

contentions on appeal; and ' "we need not address contentions not properly briefed." ' (*Winslett v. 1811 27th Avenue, LLC* (2018) 26 Cal.App.5th 239, 248, fn. 6 (*Winslett*).)

" ' "The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment." ' (*Horowitz v. Noble* (1978) 79 Cal.App.3d 120, 139 (*Horowitz*); *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 181 (*Pizarro*) ['It is not our responsibility to act as counsel . . . and attempt to arrange his arguments coherently.'].)  For this reason, ' "every brief should contain a legal argument with citation of authorities on the points made" '; and ' "[i]f none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." ' (*Horowitz*, at p. 139; accord, *Pizarro*, at p. 181 ['failure to provide coherent organization to [appellant's] arguments forfeits consideration of those arguments on appeal']; *County of Butte v. Emergency Medical Services Authority* (2010) 187 Cal.App.4th 1175, 1196, fn. 7 [where a 'contention is not supported by citation to any legal authority,' it 'is thus forfeited as improperly presented'].)"

We likewise repeat, and again apply, our ruling in *Appeal 1, supra*, D074775, based on the foregoing explanation of the law:

"Absent the benefit of a legal argument with the citation of applicable legal authorities, we have nothing to consider in this appeal.  We are not Plaintiff's counsel, and we have no obligation to search the record for potential prejudicial error.  (*Pizarro, supra*, 10 Cal.App.5th at p. 181; *Horowitz, supra*, 79 Cal.App.3d at p. 139.)  Having presented no legal arguments and having cited no potentially applicable legal authority, Plaintiff forfeited any right she otherwise may have had to appellate consideration of her position. (*Winslett, supra*, 26 Cal.App.5th at p. 248, fn. 6; *Pizarro*, at p. 181; *Horowitz*, at p. 139.)"  (Italics omitted.)

We do not limit our consideration to the 2020 Amendment to punish Plaintiff or to avoid reviewing the 2018 Judgment which Plaintiff contends is erroneous.  As we briefly explain, Plaintiff had the opportunity to, and did,

7

seek appellate review of the 2018 Judgment; and as more than 100 years of Supreme Court jurisprudence confirms, because the remittitur has issued in Plaintiff's appeal from the 2018 Judgment (*Appeal 1*, *supra*, D074775), *this court lacks jurisdiction* to further consider the 2018 Judgment.

Code of Civil Procedure section 904.1, subdivision (a)(1) codifies the "one final judgment rule," by which an appeal lies only from a final judgment that terminates the trial court proceedings by completely disposing of the matter in controversy between adverse parties. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697; see *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 759 [orders resolving all issues "as to some but not all parties" are appealable as final judgments].) Under California law, as between two adverse parties, ordinarily there is only *one* final judgment. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.)

Based on the foregoing standards, the 2018 Judgment was the "one final judgment" of Plaintiff's lawsuit against Defendants. Accordingly, under Code of Civil Procedure section 904.1, subdivision (a)(1), the parties' only opportunity to seek appellate review of the 2018 Judgment was a timely appeal from the judgment. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"]; see Cal. Rules of Court, rule 8.104.) Plaintiff properly invoked this procedure in 2018, and her appeal from the trial court's 2018 Judgment resulted in this appellate court's opinion and judgment in *Appeal 1*, *supra*, D074775.

After issuance of the remittitur in *Appeal 1*, *supra*, D074775, this court lacked jurisdiction to (re)consider any issue related to the 2018 Judgment. In the late 19th century, the Supreme Court explained: "Under the

8

constitution, by the lapse of time and the issuance of the remittitur the judgment has become a finality, beyond the power of this court to modify or amend." (*Martin v. Wagner* (1899) 124 Cal. 204, 205.) More than 100 years later, the court reaffirmed this principle when it stated that, upon issuance of the appellate court's remittitur, except in "very limited circumstances" not present here, "[t]he reviewing 'court has no appellate jurisdiction over its own judgments, and it cannot review or modify them after the cause has once passed from its control by the issuance of the remittitur.'" (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5.)

Even if we could consider the 2018 Judgment, we could not consider the 150-paragraph, 26-page, single-spaced declaration from Plaintiff which she presented in her opening brief on appeal. Procedurally, Plaintiff failed to file a motion to take additional evidence on appeal (or to make factual findings). (Cal. Rules of Court, rule 8.252(b); Code Civ. Proc., § 909.) Substantively, an appellate court is precluded from considering new evidence unless the result will enable the court to finally resolve the dispute in the underlying appeal, either by affirming a judgment in favor of the respondent or by reversing with directions to enter a judgment in favor of the appellant. (*Tupman v. Haberkern* (1929) 208 Cal. 256, 269; *Smith v. Smith* (1955) 135 Cal.App.2d 100, 108.) Here, however, regardless what evidence Plaintiff may have presented,[7] any reversal of the 2018 Judgment would have required a

---

[7] Contained within Plaintiff's declaration is the testimony at paragraph 149: "I am asking this court for Due Process on Appeal for Attorney fees recently granted to the Defendants for $23,056.50. Case number is 37-2018-00008696 Smart vs. San Dieguito Union High School District, the Honorable Judge Eddie C. Sturgeon, Department C-67." (*Sic*.) Even if we were to consider this statement, the result would be no different. In this appeal from the award of attorney fees to Defendants, Plaintiff filed,

remand for further proceedings, since the judgment was based in part on the sustaining of demurrers.

In summary, because Plaintiff raises no legal argument related to potential error in the 2020 Amendment, Plaintiff forfeited appellate review of the postjudgment order.

## III.  DISPOSITION

The 2020 Amendment is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

IRION, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.

---

and the court has read and considered, an opening brief, a reply brief, and a supplemental letter brief; and she requested and participated in oral argument before the panel deciding this appeal.  Accordingly, Plaintiff received what she requested—namely, due process in this appeal.